Ellsworth, J.
We think there is no room for doubt, upon the facts, that the debt which the defendant owed Ford, which had been attached by Prentice on the first day of January, 1857, was duly demanded and paid on the execution, on the 5th day *206 of-February thereafter. It was paid under legal coercion. ■ The circumstance that the money was handed to the officer having the-execution, by or through the agency of -Prentice, is -quite unimportant, and so is the fact that the defendant required' and received-indemnity from Prentiee before he paid'the money. It was his duty to pay it. He had no. choice on the' subject, and-, when paid,- he is entitled to the benefit of its being1 a coercive payment, such. an one as is, by our statute regulating foreign attachments, made a complete bar to any future claim by the creditor or his assignee in insolvency. Rev. Stat., tit. 1, § 232.- - -
The case of Wetter v. Rucker, 1 Brod. & Bing., 490, cited by the plaintiff’s counsel, to show that the payment relied upon in this instance was not real nor coercive, makes nothing in their favor, for the decision is placed on the ground [ *252 ] *that no execution was taken-out, and the'money not paid under legal constraint,' nor in reality paid at all. The plaintiff’s counsel do not seem seriously to claim that, if it be true that Woodward paid his money to an 'officer of the law of necessity, he can be forced to pay the second time. This would savor too much of oppression to ‘be allowed. ‘Heneé, they insist that there was in fact no payment proved; and that what is called such is so in pretense: only, leaving- the relation of debtor and creditor substantially as it was before.- We have already expressed our views to the contrary of this, and-therefore, in our judgment, this ground of argument fails.
It has been intimated that, even if we allow that there was in truth a payment by Woodward-, yet, by the very words of the statute, it was voidable, and has been avoided, by the subsequent'assignment of Ford on the 25th day -of February, and that therefore the debt remains unpaid. The argument is that the statute expressly and absolutely declares, that all attachments and levies made within sixty days before the assignment shall be dissolved. We are quite satisfied that no such consequence follows from the assignment in a case situated as this is. The language of the statute is that the attachment shall be avoided; which implies that a process is pending, or in other words a remedy is being pursued which can be consistently arrested. Though we have no occasion in this case to go further than to hold that the payment by Woodward was good in Jaw, yet we think there is force in the claim,.that the statute has no application to-an attachment or levy-not pending at the time of the assignment, but executed and exhausted; It may well be urged that if the creditor is only pursuing a remedy, to obtain satisfaction, and as yet has obtained none, he -mav be> *207 arrested in the process without violating the principles of natural justice and equity which are applicable to vested and fixed interests, while the doctrine may not be carried further, without gross and manifest injustice,—that this statute professedly applies to remedies as such, and not to remedies which have been made the means of'acquiring property which has become fixed and * vested in one who was a creditor. We [ *258 ] suppose it is true as a general principle, that, property acquired according to the law as it was at the time of the acquisition, is not to be devested by matter ex post facto. In this case it may well be said that the property had ceased to belong to the assignor in insolvency, and hence did not fall within the language of the assignment.
If these views, or any of them, are correct, it follows that judgment should be rendered for the defendant, and so we advise the superior court.
In this opinion the other judges concurred;
Judgment for defendant advised.