JAMES M. RAYMOND *vs.* THE ROCKLAND COMPANY.

Service of a factorizing process was imperfectly made upon the garnishee, so that the debt due from him to the original debtor was not legally attached. The garnishee appeared before the court and disclosed, and was found to be indebted, and a scire facias was afterwards brought against him by the factorizing creditor. Held that the garnishee could not waive the defect in the orig-

inal service, so as to make the attachment a valid one as against the original debtor.

And it seems that the defect in the original attachment can be taken advantage of by the garnishee upon the scire facias under the general issue without notice.

And that where a corporation is factorized, if it has a secretary with whom a copy of the process can be left by the officer, it is not enough to leave the copy with a person who is president, treasurer, financial manager, and general agent of the corporation.

SCIRE FACIAS upon a process of foreign attachment; brought before a justice of the peace and appealed to the Court of Common Pleas, of New London County, and there tried to the court, on the general issue, before *Willey, J.*

The defendants were a joint stock manufacturing company, doing business in the town of Montville. The plaintiff brought his writ of attachment against one Ichabod Stoddard, to which a factorizing process was attached, in which the present defendents were described as the agents, factors, trustees, and debtors of Stoddard, the same being dated the 20th day of November, 1872, and returnable before Erastus Huntley, Esq., a justice of the peace. The process was served on the Rockland Company by the officer leaving in the hands of Norman B. Church a true and attested copy. The officer supposed that Church was the secretary and treasurer of the company, and so described him in his return on the writ. Church, however, was not the secretary, but Henry A. Baker who resided in the town of Montville was the secretary, and Church was the president, treasurer, financial manager, and general agent of the company. At the time the copy was left with him the officer inquired how much was due Stoddard, and he said there was from $50 to $75 due him, and that it was all right. In the suit before the justice, Henry A. Baker, the secretary, appeared and made disclosure, and made no objection to the service of the writ upon the company. Baker denied that the Rockland Company was indebted to the defendant, but the court found the company indebted. The plaintiff recovered judgment against Stoddard for $35.76 debt, and $28.73 costs of suit, and execution issued. The officer made demand of Stoddard, and he neglecting to pay, made demand on the

Rockland Company for moneys, goods and effects of Stoddard in their hands, and of any debts due from them to him. They refused to pay or to expose any goods or effects of Stoddard, and thereupon the present suit was instituted.

Upon the trial in the Court of Common Pleas the defendants showed that, at the time of the original attachment, and for sometime prior thereto, Baker was the secretary of the company, residing in Montville, and that no other service of the factorizing process was made than that of leaving a copy with Church ; and they thereupon claimed that the plaintiff ought not to recover. The plaintiff claimed, and asked the court to rule, that the defendants were estopped by the declarations and conduct of the president and secretary of the company from denying that the debt due from the company to Stoddard had been legally attached in the hands of the company. The court did not so rule.

The plaintiff further claimed, and asked the court to rule, that the defendants could not, under the plea of the general issue without notice, contradict the officer's return, and show that no legal attachment had been made of the debt due from the company to Stoddard. The court did not so rule.

At the time the copy was left with Church there was due from the Rockland company to Stoddard the sum of $55.21, which, if the service had been legal, would have been secured by the factorizing process. The court, however, ruled that no legal attachment was made of the debt, and gave judgment for the defendants. The plaintiff moved for a new trial for error in this ruling of the court.

*Thresher*, in support of the motion.

1. The defendants were estopped by the declarations and conduct of the president and secretary, from denying that the debt due from the company to Stoddard had been legally attached. In general the only mode in which a corporation can act is through the intervention of agents, and it must be bound by their acts and declarations in dealing with others concerning matters pertaining to the corporation. In this case the officer, supposing that Church was the secretary and

treasurer, placed in his hands a copy of the writ, and inquired of him how much was due Stoddard; from which it is apparent that Church knew the business of the officer at that time to be to secure a debt due from the Rockland Company to Stoddard by factorizing; and then it was that Church told him that there was from fifty to seventy-five dollars due him, and that *it was all right.* Church at this time was the president, treasurer, financial manager, and general agent of the company; in fine, he held every office, so far as appears, except that of secretary; and if a corporation can ever waive a right, or be estopped from denying what it has previously admitted by acts or declarations of its agents, this would seem to be the case. Drake on Attach., § 470 ; *Davidson* v. *Donovan,* 4 Cranch, 578. But if this was not sufficient, then the appearance of the company, by its secretary Baker, making no objection to the service of the writ, and submitting to the jurisdiction of the justice and making disclosure, and judgment being entered, must supply whatever was wanting to perfect the waiver, and would certainly obviate any defect in the service. *Harris* v. *Somerset & Kennebec R. R. Co.*, 47 Maine, 298, 304; Drake on Attach., § 470. But the case does not stop here. A scire facias was brought, and the company appeared before the justice again and appealed the case to the Court of Common Pleas, without interposing any objection to the service of the original writ; and after the case had been entered in that court, the general issue, without notice, was pleaded, thereby waiving all matters of avoidance.

2. The defendants could not, under the plea of the general issue, without notice, contradict the officer's return, and show that no legal attachment had been made of the debt due from the company to Stoddard. No evidence can be admissible that does not tend to prove the facts in issue. The general issue in scire facias is that the defendant, at the time the copy of the original writ was left in service, was not attorney, etc., and had not in his hands the goods or effects of the debtor, or was not indebted to him. 1 Swift's Dig., 731. The evidence introduced by the defendants had no bearing upon that question, but was wholly immaterial and irrelevant, and there-

fore should not have been considered in determining the case. 1 Swift's Dig., 768 ; 1 Phill. Ev., 169 ; 1 Greenl. Ev., § 50. It was clearly matter in avoidance, and therefore was forbidden by the statute to be given in evidence under the pleadings.

3. The court erred in ruling that no legal attachment was made of the money due from the company to Stoddard.  Our statute of foreign attachment does not direct with whom the copy of the writ shall be left, where a corporation is factorized. Gen. Statutes, tit. 1, sec. 289.  It is only by implication that it can be claimed that it is necessary to leave it with the secretary, and this claim will not bear investigation, as the only statutes bearing upon this subject mention other officers with whom the copy may be left besides the secretary.  See Gen. Statutes, tit. 1, sec. 291 ; id., tit. 1, sec. 20.  The first of the sections mentions secretary and clerk, and the latter secretary and cashier.  Evidence that Church was not secretary, and that Baker was, did not prove that Church was not cashier or clerk, and if he was either, and these statutes are to control, then service upon him would be good.  If the same matter had been set up as a special plea in bar, it would have been bad on demurrer.  But the finding shows substantially that Church was cashier.  The court finds that he was president, treasurer, financial manager, and general agent.  Now, if he had the care of the treasury of the company, and of all its financial operations, and in addition to this was its president and general agent, what was wanting to make him a cashier ? What possible place was left unfilled, in that institution, that a cashier might have occupied ?

*Lucas*, contra.

Park, J.  It is clear that the debt due from the defendants to Stoddard was never attached by the plaintiff in his suit against Stoddard.  The plaintiff concedes this, but he claims, that the defendants waived the defect in the attachment, and should now be estopped to claim that the debt was not attached.  There would be force in this claim if the suit was

between the parties themselves, and concerning a matter in which they only were interested. But the debt attempted to be attached belonged to Stoddard. It was his property, and the plaintiff attempted to take it by process of law, against his will and consent. The defendants might waive a matter pertaining to themselves alone, but they could not waive the rights of Stoddard. He had the right to insist that if his property was taken from him it should be done strictly in accordance with law. It never has been so taken, and for aught that appears the defendants are liable to pay the claim to him. Any other view of the law would open the door to collusion between the creditors of a party and those persons who are indebted to him, or have his property in their hands, to defraud him of his rights.

A new trial is not advised.

In this opinion the other judges concurred.