NELSON v. SANBORN & Tr., BEDEL, Claimant.

In foreign attachment the trustee's acceptance of service of the writ is not an attachment upon which he can be charged, against the defendant's objection.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. The trustee wrote upon the back of the plaintiff's writ and signed an acceptance of service as follows : " I hereby accept service of this writ and waive all rights to service by copy," and no other service of the writ was made upon him. Shortly afterwards the defendant assigned the debt due to him from the trustee to the claimant, who objects that there was no legal service of the writ upon the trustee, and that therefore he cannot be charged.

*Smith & Sloan*, for the plaintiff.

*S. B. Page*, for the claimant.

CARPENTER, J. Service of the writ upon the trustee in the manner prescribed by the statute (G. L., c. 249, s. 3) is an attachment of the funds in his possession belonging to the defendant (*Blaisdell* v. *Ladd*, 14 N. H. 129, 130), and is an essential step in the proceedings by which the property is appropriated without the defendant's consent to the payment of his debts. *Russell* v. *Dyer*, 40 N. H. 173—*S. C.*, 43 N. H. 396; *Cahoon* v. *Coe*, 57 N. H. 556. The trustee's acceptance of service was not an attachment. It was not in his power to create a lien upon the defendant's property. Compulsory payment under process of law by the trustee to the plaintiff will bar a recovery of the same debt by the defendant (*Woods* v. *Savings Institution*, 58 N. H. 184, *Palmer* v. *Woodward*, 28 Conn. 248), but his indebtedness will not be discharged by payment to the plaintiff made upon a judgment after the attachment is dissolved (*Burnap* v. *Campbell*, 6 Gray 241), or if the judgment was obtained through collusion with him or by his wilful default. *Wilkinson* v. *Hall*, 6 Gray 568; *Whipple* v. *Robbins*, 97 Mass. 107; *Page* v. *Thompson*, 43 N. H. 373, 376.

In *Redington* v. *Dunn*, 24 N. H. 162, it was held that a trustee cannot, to the defendant's prejudice and without his consent, accept a discharge of service of the writ, and that a second service after such a discharge is invalid. The late Chief-Justice *Bellows*, then of counsel for the plaintiff, conceded in argument that a trustee cannot accept service of the plaintiff's writ, and stated that he understood it had been so decided. In *Pratt* v. *Sanborn*, 63 N. H. 115, a trustee was discharged on the motion of a subsequent attaching creditor, because at the time of the service upon him his name had not been inserted in the writ, although (as stated in the reserved

case but omitted in the report) the trustee "appeared personally in court and waived any defect in the writ or service."

The debt sought to be attached belonged to the defendant.   He had a right to insist that if it was to be taken from him against his will, and applied to satisfy his indebtedness to the plaintiff, it should be done in the mode pointed out by the statute.   The trustee could waive his own but not the defendant's rights.   He could no more waive an attachment than he could the exemptions from attachment (G. L., *c.* 249, *ss.* 40, 42), or the defendant's right that his property shall not be taken by this process in an action of slander. Gen. Laws, *c.* 249, *s.* 1.   *Raymond* v. *Rockland Company*, 40 Conn. 401.

It is unnecessary to consider the question whether an erroneous but unreversed judgment, charging a trustee who has accepted service of the writ and payment of the judgment, would discharge him from liability to the defendant for the same debt.   G L., *c.* 249, *s.* 43; *Webster* v. *Lowell*, 2 Allen 123; *Barker* v. *Garland*, 22 N. H. 103, 106.

*Judgment for the claimant.*

ALLEN, J., did not sit: the others concurred.