SHELTERS *v.* BOUDREAU & a.

In a trustee process, an attachment of funds in the hands of a partnership trustee may be made, as against a claimant, by service of the writ on one of the partners.

FOREIGN ATTACHMENT. The trustees, Morin and Lucier, are partners and are so described in the writ, and are indebted as partners to the defendants. The officer returns that he attached, &c., and summoned the trustees by giving an attested copy of the writ to Morin. The trustees do not object to the service. Lanzon, a claimant, moved that the trustees be discharged.

*J. J. Doyle*, for the plaintiff.

*W. W. Bailey*, for the claimant.

ALLEN, J.   The statutory provision that a trustee writ "shall be served upon the defendant and trustee like a writ of summons" (G. L., c. 249, s. 3), and the later provision that "process may be served and notice given by duly attested copy" (Laws 1883, c. 22), have no bearing on the question whether an attachment was made in this case by giving an attested copy to Morin, one of the two partnership trustees.   Where there is no service of the writ on the trustee, but only his waiver of service, there is no attachment as against the defendant.   A trustee can waive his own but not the defendant's rights.   *Nelson* v. *Sanborn*, 64 N. H. 310.   Morin cannot object that Lucier had no notice.   And whatever objection might be made by Lucier, it is settled by a practice amounting to a general usage that the firm is so far regarded in law as a single trustee, that, as against the defendant and the claimant, an attachment was made by the single copy given to Morin.

*Trustees charged.*

CLARK and BLODGETT, JJ., did not sit: CHASE, J., dissented: the others concurred.