THE NATIONAL BANK OF COMMERCE OF CHICAGO

*v.*

A. D. TITSWORTH, use, etc.

GARNISHEE—*appearance and answer a waiver of defects in summons.* An appearance to the suit in a garnishee proceeding, and filing an answer, is a waiver of any defect in the garnishee summons.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. A. OTIS, for the appellant.

Messrs. BENNETT & SHERBURNE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a garnishee proceeding, in favor of certain judgment creditors of A. D. Titsworth, against appellant, the National Bank of Commerce of Chicago. The garnishee summons issued from the Superior Court of Cook county, on the 8th day of November, 1873, and was returnable on the first Monday of January, 1874—the first day of the January term. A conditional judgment by default having been rendered against the bank, and a writ of *scire facias* issued

thereon, the bank, on the 2d day of February, 1874, filed its answer, denying any indebtedness to Titsworth. An issue was made upon the truth of the answer, and tried by the court without a jury, on the 22d day of July, 1874, and found against appellant for $488.25, and judgment rendered thereon, from which an appeal was taken by the garnishee.

On the 22d day of July, 1874, the cause coming on to be tried in the court below, before the commencement of the trial, appellant moved to quash the garnishee summons, for the reason that the same was issued in November, during the November term, and made returnable to the January term, and beyond the intervening December term. The court overruled the motion, and this is assigned as error.

The motion came too late to be of avail. The appearance to the suit, and filing the answer on the 2d day of February, 1874, was a waiver of any defect in the summons.

It is further insisted that the finding and judgment of the court below were not warranted by the evidence.

The evidence showed that the bank had money in its hands, deposited by Titsworth, to an amount largely in excess of the judgment, but it is claimed that it was not the individual money of Titsworth.

It appears that Titsworth became insolvent by means of losses in the Chicago fire of 1871, and, being unable to do business on his own account, he made an arrangement with the firm of Chas. B. Peet & Co., of New York, by which they were to consign goods to him, which he was to sell and remit the proceeds. The goods were consigned at wholesale rates, and Titsworth was authorized to retain all he could get at retail, above wholesale prices. The arrangement was communicated to the bank, and an account was opened, and the money derived from the sale of these goods deposited with it in the name of "A. D. Titsworth, agent."

The money in question was the proceeds of the sale of such goods so deposited. The evidence shows that, in some instances, money was drawn out and paid for Titsworth's per-

sonal use, as he testified he used such of the money as he pleased.

It would seem that at least a portion of the money so deposited belonged to Titsworth, to-wit: all of it in excess of the wholesale price of the goods. There was no direct evidence upon the point, how much this amount was. The means of fixing the definite amount was peculiarly within the power of Titsworth, or his principals, as within their knowledge. No attempt to do so was made, although Titsworth was examined and gave testimony as a witness on behalf of the garnishee.

We can not say, in view of the entire testimony, that the court below manifestly erred in finding that as large an amount of this money as the judgment belonged to Titsworth.

The set-off claimed, of the firm notes of A. D. Titsworth & Co. held by the bank, we are of opinion was properly disallowed.

Finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*