Robert H. McElwee et al. v. Jane Wilce, Executrix, Edward Harvey Wilce and George C. Wilce, Executors of the last will and testament of Thomas Wilce, deceased, for the use of Robert Hill.

1. GARNISHMENT—*Service of Writ Creates no Lien.* Service of the garnishee writ does not create a lien in favor of the creditor, upon the moneys in the hands of the garnishee. It creates a personal liability to respond to any judgment that may be recovered against him, but nothing more.

McElwee v. Wilce.

2. SAME—*Payment by Garnishee, When at his Peril.*—A person served with process of garnishment may pay his debt notwithstanding the garnishment, but if he does so without taking an indemnifying bond, it will be at his peril, and he may be compelled to pay the debt twice.

3. JUDGMENT—*Effect of Reversal After Collection.*—Where a judgment, after its collection, is reversed by the Appellate Court, the plaintiff in it will be liable to repay the amount collected to the party from whom it was collected.

4. APPELLATE COURT PRACTICE—*Remanding Causes.*—Where nothing can be gained by remanding a cause the judgment will be reversed without a remanding order.

Attachment, and garnishee proceedings. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed but not remanded. Opinion filed March 14, 1899.

The Otter Creek Lumber Company was indebted to the appellants, McElwee & Company, who began an attachment suit upon the indebtedness and garnisheed Thomas Wilce. In that suit, Wilce, as garnishee, answered, and admitted he owed the Otter Creek Company $876.22, at the time of the service of the garnishee writ upon him.

Subsequently there was a trial of the attachment suit, and a verdict and judgment was had in favor of McElwee & Company against the Otter Creek Company and against Wilce on his answer as garnishee for the amount admitted by him to be owing by him.

An execution issued against Wilce, and he paid to the sheriff $880.60, in full satisfaction of the execution, and on the same day, the same was paid over to McElwee & Company by the sheriff.

Before that time, however, and before the judgment was rendered, but after Wilce was served as garnishee, he paid to the Otter Creek Company the amount he was indebted to it at the time of the service of the writ, viz., $876.22.

The same day that Wilce paid said $876.22 to the Otter Creek Company, and as a part of the transaction, the appellee Hill uniting with the Otter Creek Company, and one Wright, who was its president, gave his bond to Wilce, in

due form, obligating himself to hold Wilce harmless and protect him against any judgment that might be rendered against him, as garnishee, or in any other capacity in said suit.

And after Wilce had satisfied the execution as above mentioned Hill repaid to Wilce the $880.60 that Wilce had paid to satisfy the execution. At the time Hill so paid Wilce, he and Wilce entered into a writing, as follows:

"Whereas, heretofore, in the year 1887, Thomas Wilce paid to the Otter Creek Lumber Company the amount of his indebtedness to said company, after service had been made upon him as garnishee in the suit of Robert H. McElwee et al. v. the Otter Creek Lumber Company, Superior Court of Cook County, Illinois; and

Whereas, such payment was made by reason of said Wilce receiving from Robert Hill an indemnity bond protecting him against any liability to the plaintiffs in said suit by reason of said payment; and,

Whereas, judgment was recovered by plaintiff in said suit against said company, and also against said Wilce as garnishee, and said Wilce has been compelled to pay to them the amount he had already paid said company, and said Hill is desirous of paying said Wilce, under his indemnity bond, said amount of money under such an arrangement that it shall be paid back to him by said Wilce in case the Otter Creek Lumber Company is reversed under the writ of error which it is about to sue out, and said Wilce discharged as said garnishee;

Now, therefore, it is agreed between said Robert Hill and Thomas Wilce as follows: Said Hill pays to said Wilce, at the time this instrument is executed, the sum of eight hundred and eighty-nine dollars and thirty cents ($889.30), in consideration of which said Wilce agrees to repay to said Hill on demand, after the said Wilce shall be discharged as such garnishee in said suit, on final judgment, any and all sums of money which may hereafter be repaid to said Wilce, for or on account of any payments the said Wilce may heretofore have made in said suit.

The said Wilce further agrees, at any time on demand of said Hill, to commence proceedings to recover said sum paid by said Wilce to the plaintiffs in said suit, the said Hill employing attorneys and paying all expenses attending such litigation.

Witness our hands and seals this 27th day of September, A. D. 1890.

Robert Hill.    [Seal.]
Thos. Wilce.    [Seal.]"

After the above agreement was made, this court, in a writ of error suit that had been prosecuted to reverse the judgment in favor of McElwee & Company, reversed that judgment and remanded the cause, upon the ground, as appears from the opinion, that the suit was prematurely brought.    37 Ill. App. 285.

It seems that the claim of McElwee & Company against the Otter Creek Company, was for a considerably larger sum than was made out of Wilce, as garnishee, and that pending the matters we have mentioned, Wright, the president of the Otter Creek Company, became an inmate of the Michigan State penitentiary, for life.    After the cause was redocketed in the court below, it appears from the testimony of Mr. Carney, a member of the firm of McElwee & Company, defendants, that one Johnson came to McElwee & Company and offered to pay them a certain sum, which, in addition to what they had received, should wipe out the transaction, and his offer was accepted and the suit was dismissed.

It does not clearly appear in what capacity Johnson was acting at the time, although it does appear that in previous transactions between McElwee & Company and the Otter Creek Company, Johnson had acted as a representative of the latter, and that he settled most of the business of the latter company after its president got into trouble and went to the penitentiary.

It was admitted at the trial, that neither Wilce nor Hill were parties to such settlement, did not know of it until after it took place, and never ratified or adopted it.

In pursuance of the written agreement between Wilce and Hill, this suit was brought in the name of Wilce (who having died, his executors have been substituted for him) for the use of Hill, to recover back from McElwee & Company the money they collected from Wilce under the execution against him.

The case was tried by the court, without a jury, and the judgment in favor of appellees for $979.67, is before us upon appeal.

SCHUYLER & KREMER, attorneys for appellants.

ERIO WINTERS, attorney for appellees.

The service of a garnishee process, in a proceeding commenced by attachment, does not create a lien in favor of the creditor, upon the property or effects of the debtor in the hands of the garnishee. The statute does not prohibit the garnishee from delivering the property to the debtor, but only renders him liable, upon failure to produce it, to satisfy the judgment. Bigelow v. Andress, 31 Ill. 322; Gregg v. Savage, 51 Ill. App. 281.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The service of the garnishee writ upon Wilce did not create a lien in favor of McElwee & Company, the creditor, upon the moneys in Wilce's hands. By it there was created a personal liability of Wilce to respond to any judgment that might be recovered against him, but nothing more. Bigelow v. Andress, 31 Ill. 322; Gregg v. Savage, 51 Ill. App. 281.

Wilce might, if he chose, as he did, pay the Otter Creek Company, in spite of the garnishment, but doing so was at his personal risk.

Having paid the Otter Creek Company, and having been required by law to pay, also, the attaching creditors of that company, Wilce had in effect paid his debt to the Otter Creek Company twice, and if the judgment of the attaching creditor of the Otter Creek Company had stood, he would have been remediless, if no bond had been given to him, except as against the Otter Creek Company for such double payment.

The judgment in the suit under which he had been compelled by law to pay the attaching creditor, having, however, been reversed, Wilce would have been entitled either

in his own name or in the name of the Otter Creek Company, for his use, to recover back the payment thus illegally enforced from him, or he might recover, compulsorily or amicably, from the Otter Creek Company his overpayment to it, and leave that company to pursue whatever remedy it might have against the attaching creditor for having made upon execution an invalid judgment against it.

This latter was what Wilce in effect did. The Otter Creek Company had given him a bond, with Hill, as surety, to pay back to him whatever he might have to pay to the attaching creditor, and when he was compelled, by execution, to pay the attaching creditor, the Otter Creek Company, by Hill, paid him all that he had suffered by reason of such compulsory payment. He had no longer, either legally or equitably, any ground for complaint against anybody. He had then simply paid and paid but once what he owed to the Otter Creek Company.

If Hill has suffered because he gave a bond for the Otter Creek Company, his remedy is not at law through Wilce against the attaching creditors, who may have received money, which in equity and justice belongs to the Otter Creek Company. Hill can not recover through Wilce what Wilce could not recover.

It may or may not be that Hill can recover through the Otter Creek Company against the attaching creditors, McElwee & Company, what they have which may belong to the Otter Creek Company, but that question is not in this record.

Appellee in his brief says, and we agree with him, that "this suit must stand or fall on Wilce's right to recover." And in our view Wilce has no shadow of right to recover.

The question of the competency of Carney, one of the appellants (defendants) as a witness, is immaterial under this aspect of the case, and although he was probably not competent, it need not be decided.

Nothing can be gained by remanding the cause and the judgment will, therefore, be reversed without a remanding order.