Decided 3 December, 1900.

**BARR *v*. WARNER.**

[62 Pac. 899.]

38  109
o40  278.

EFFECT OF CERTIFICATE OF INDEBTEDNESS BY GARNISHEE.

1.  The effect of a certificate of indebtedness by a garnishee is to make such garnishee a party to the action, and to authorize a judgment against him for the debt or property of the debtor that he may have in his possession.

EFFECT OF SERVING EXECUTION ON AN ATTACHMENT FORM.

2.  Where property or credits of a judgment debtor in the hands of a third person are to be levied on under a writ of execution in like manner and with like effect as where the levy is made under a writ of attachment, a service of a copy of the execution, together with a garnishment notice stating that all property of a certain person in the hands of the person served is hereby "attached by virtue of a writ of attachment * * * a certified copy of which is herewith served on you," is sufficient to render the garnishee liable, it being immaterial that the notice referred to the property as being "attached," when it was really siezed under an execution.

SPECIFYING PROPERTY GARNISHED.

3.  Under Hill's Ann. Laws, § 149, Subd. 3, providing that, where an attachment is issued against personal property of the defendant in the hands of a garnishee, the sheriff shall serve on such garnishee a certified copy of the writ of attachment, and a notice specifying the property attached, a notice served by a sheriff on a garnishee, warning him that "all moneys, goods, credits, effects, and debts due or owing" from him to defendant were levied on, contains a sufficient description of the property within the meaning of the statute.

GARNISHMENT — CONTINGENT LIABILITY.

4. Where plaintiff sought judgment against defendant for $125, and defendant pleaded a settlement subsequent to the beginning of the action, in which plaintiff agreed to accept $93 in full settlement, and offered to confess judgment for that amount, it could not be said that the debt was a contingent liability, and therefore not reachable by garnishee process, and it was error to exclude testimony offered by defendant to show that he had paid the $93 to the sheriff under an execution against plaintiff, after he had filed his answer.

From Linn: GEO. H. BURNETT, Judge.

This is an action by W. B. Barr against J. A. Warner to recover the reasonable value of a solar compass alleged to have been loaned to the defendant, who broke and neglected to return it. It is averred in the answer that after this action was commenced the parties agreed that the compensation in damages for such loss should be the sum of $93, and that upon the payment thereof, on or before a given date, the action would be dismissed; that prior to the day so appointed the sum agreed upon was garnished in the defendant's hands to satisfy an execution issued out of the circuit court for Linn County, Oregon, on a judgment rendered June 23, 1896, against E. J. O'Connor and the plaintiff herein, partners as O'Connor & Barr, for the sum of $243.75, attorney fees, and costs and disbursements, in an action wherein Henry Lyons was plaintiff, and that in pursuance thereof the sum of $93 had been paid to the sheriff of said county. A reply having put in issue the allegations of new matter in the answer, a trial was had at which the defendant, having laid a proper foundation therefor, offered in evidence said execution, and the return indorsed thereon, which showed that the sheriff served a certified copy thereof and a notice of garnishment on the defendant herein, to the effect that all debts due or owing from him to said O'Connor & Barr, or either of them, were attached by virtue of a writ of attachment issued out of said court in said action, and that in pur-

suance thereof there had been collected thereon the sum of
$93, whereupon the writ was returned satisfied *pro tanto.*
The court, over the defendant's objection and exception, re-
jected the evidence so offered, and instructed the jury to find
for the plaintiff, for whom a verdict was returned in the
sum of $93, and, a judgment having been rendered thereon,
the defendant appeals.                              REVERSED.

For appellant there was a brief over the names of *N. M.
Newport* and *A. M. Cannon,* with an oral argument by
*Mr. Cannon.*

For respondent there was a brief over the name of *Weath-
erford & Wyatt,* with an oral argument by *Mr. J. R. Wyatt.*

MR. JUSTICE MOORE, after stating the facts, delivered the
opinion of the court.

The question presented for consideration is whether the
notice of garnishment which stated that the debt due from
the defendant to the plaintiff herein was attached by virtue
of a writ of attachment, instead of stating that it was levied
on by virtue of a writ of execution, was sufficient to render
the defendant personally liable to respond to the judgment
creditor in the writ to the extent of such debt. A garnishee
may waive many irregularities in the notice of garnishment,
and by his certificate or answer in response thereto submit
himself to the jurisdiction of the court, and thus become in
privity with, and in effect a party to, the judgment which
has been or may be rendered against his creditor (Rood,
Garnish., § 267; *Carter* v. *Koshland,* 12 Or. 492, 8 Pac.
556; *Flournoy* v. *Rutledge,* 73 Ga. 735; *National Bank of
Commerce* v. *Titsworth,* 73 Ill. 591; *Wellover* v. *Soule,* 30
Mich. 481; *Howland* v. *Jeuel,* 55 Minn. 102, 56 N. W. 581;
*Wile* v. *Cohn,* 63 Fed. 759); but, while a garnishee may
waive jurisdiction of his person, he cannot, by voluntarily

appearing, waive the defendant's rights, or substitute the latter's creditor for his own, because that relates to the jurisdiction of the subject-matter, which can be acquired only in the manner prescribed by law : Drake, Attachm. (6 ed.), § 451*b*; *Case* v. *Noyes,* 16 Or. 329 (19 Pac. 104) ; *Smith* v. *Conrad,* 23 Or. 206 (31 Pac. 398) ; *Hebel* v. *Amazon Insurance Co.,* 33 Mich. 400; *Altona* v. *Dabney,* 37 Or. 334 (62 Pac. 521) ; *Haley* v. *Hannibal, etc., Ry. Co.,* 80 Mo. 112; *Nelson* v. *Sanborn,* 64 N. H. 310 (9 Atl. 721) ; *Steen* v. *Norton,* 45 Wis. 412. The statute provides, in effect, that the personal property of a defendant in an action in the possession of, or a debt due him from, another, is attached by leaving with the latter a certified copy of the writ of attachment and a notice specifying the property attached : Hill's Ann. Laws, § 149, Subd. 3. If judgment be recovered by the plaintiff, and it shall appear that property has been attached in the action, and has not been sold as perishable or discharged from the attachment, the court shall order it sold to satisfy the plaintiff's demands, and, if execution issue thereon, the sheriff shall apply the property attached by him, or the proceeds thereon, upon the execution : Hill's Ann. Laws, § 157.

1. It has been held, though not involved herein, that the service of a garnishee notice creates an equitable lien upon property of the defendant in the hands of the garnishee, entitling the plaintiff to hold such property for the satisfaction of his claim against such defendant, and to follow it into the hands of those who may purchase the same of the garnishee with notice of the situation: *Milling Co.* v. *Boynton,* 87 Wis. 619 (59 N. W. 132) ; *Morawetz* v. *Sun Ins. Office,* 96 Wis. 175 (65 Am. St. Rep. 43, 71 N. W. 109) ; *Maxwell* v. *Bank of New Richmond,* 101 Wis. 286 (70 Am. St. Rep. 926, 77 N. W. 149). The service of such a notice, however, upon a person indebted to the defendant, in an action, does not establish a lien in favor of the creditor upon the money in the hands of the garnishee, but creates a per-

sonal liability only to respond to any judgment that may be recovered against such defendant to the extent of the debt due the latter: *Bigelow* v. *Andress,* 31 Ill. 322; *Gregg* v. *Savage,* 51 Ill. App. 281; *McElwee* v. *Wilce,* 80 Ill. App. 338. When a lien upon property is created by attachment, the judgment rendered in the action is in the nature of a proceeding *in rem* against the property, but when a debt due the principal defendant is attached the liability of the garnishee is personal. Property or credits of the judgment debtor in the possession of or due from another is levied upon under a writ of execution in like manner and with like effect as such property or debt is attached: Hill's Ann. Laws, § 283, Subd. 4. If it appear from the return upon the execution that the debt is due from the garnishee, the sheriff shall, unless paid upon demand, levy on his property for the amount thereof. If the garnishee has possession of the judgment debtor's personal property which has not been bailed to him for a term then unexpired, the sheriff shall, unless the same is delivered to him on demand, levy upon and sell the same; but, if such property be in the garnishee's possession upon an unexpired bailment, the sheriff shall sell the interest of the judgment debtor therein: Hill's Ann. Laws, § 284. It will be seen, from these statutory provisions, that the certificate of the garnishee in response to the garnishment, admitting an indebtedness to the defendant in the action, is equivalent to making the garnishee a party to any judgment that may be or has been given therein, rendering him personally liable to respond to the judgment creditor, to the extent of the funds in his hands or so much thereof as may be necessary to satisfy the judgment.

2. The sheriff having served on the defendant herein a certified copy of the writ of execution, the important question is whether the notice of garnishment served therewith was sufficient to render him personally liable to the judg-

ment creditor for the sum admitted in the certificate to be due. The notice of garnishment is as follows:

In the Circuit Court of the State of Oregon for the County of Linn.

Henry Lyons,                    *Plaintiff,*  ⎫
            *v.*                              ⎪
E. J. O'Connor and W. B. Barr, Part-          ⎬ Notice.
    ners Doing Business under the Firm        ⎪
    Name of O'Connor & Barr,                  ⎪
                    *Defendants.*  ⎭

To J. A. Warner:

You will please take notice that all moneys, goods, credits, effects, and debts due or owing, or to become due or owing, from you to the defendants, or either of them, above named, and personal property in your possession or under your control, belonging to the within-named defendants or either of them, are attached by virtue of the writ of attachment issued out of the court above named, in the foregoing entitled action, a certified copy of which is herewith served on you, and you are notified not to pay over or transfer the same to any one but myself. Please furnish a statement in writing. Dated this seventh day of October, 1898.

I. A. MUNKERS,
Sheriff of Linn County, Oregon.

An "attachment" is defined by Mr. Burrill in his law dictionary to be a taking or seizing of a person or property by virtue of a legal process. It will be remembered that the statute provides that a debt due from a garnishee to a judgment debtor is levied upon under a writ of execution in like manner and with like effect as such debt is attached. The notice was undoubtedly sufficient if given under or by virtue of a writ of attachment, and, as the statute requires the sheriff to levy upon property under an execution in the same manner as similar property is attached, a literal compliance with the provisions of the statute ought not to defeat the lien or personal liability thereby created. That the notice of gar-

nishment should have stated that the debt was levied on by virtue of a writ of execution must be admitted. but, the defendant herein having received a certified copy of the writ of execution, we think the name given the writ by the sheriff immaterial, and hence the sheriff, by the service of the notice warning defendant that the debt had been attached, rendered him personally liable to the judgment creditor to the extent admitted in the certificate.

3. It is insisted by plaintiff's counsel that the notice of garnishment did not specify the property attached, as required by the statute: Hill's Ann. Laws, § 149, Subd. 3. The notice warned the defendant that all debts due or owing from him to O'Connor & Barr, or either of them, were attached, and we think this a sufficient compliance with the terms of the statute.

4. It is also contended by plaintiff's counsel that at the time the notice of garnishment was served the debt in question was a contingent liability only; but we think the point contended for without merit, for defendant alleges in his answer that a settlement was effected with the plaintiff whereby it was determined that the sum of $93 was due the latter. The complaint alleged the value of the compass to have been $125, and there was due the plaintiff, as admitted by the pleadings and the certificate, the sum of $93. The court having erred in rejecting evidence of the garnishment, and in instructing the jury to find for the plaintiff, the judgment is reversed, and a new trial ordered.     REVERSED.