Argued December 19, 1913, decided January 6, 1914. Rehearing denied February 10, 1914.

## FRALEY v. HOBAN.

(133 Pac. 1190; 137 Pac. 751.)

**Appeal and Error—Sufficiency of "Notice of Appeal."**

1. Under Section 550, L. O. L., providing that a notice of appeal to the adverse party is sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken, a "notice of appeal," which correctly specifies the court in which the judgment was rendered, gives the names of the parties to the action, the date of the judgment, and informs the adverse party that an appeal from the judgment has been taken, is sufficient without any other description.

**Appeal and Error—Review—Presumptions—Matters not Shown by Record.**

2. Where it is disputed on appeal whether allegations and interrogatories were served on a garnishee, in the absence of a showing in the abstract of the record that the service was made in the manner prescribed by Sections 62, 538, 539, L. O. L., it must be determined that they were not served.

**Garnishment—Proceedings to Enforce—Interrogatories—Appearance of Garnishee.**

3. That a garnishee, who had denied liability, appeared at the time judgment was rendered against him did not confer jurisdiction to

render judgment against him, in the absence of service of allegations and interrogatories upon him.

**Garnishment—Proceedings to Enforce—Judgment.**

4. A judgment against a garnishee which does not refer to nor perpetuate the lien of the attachment is erroneous, since the attachment is thereby waived.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is an action by Edward J. Fraley, administrator of the estate of J. H. Truby, deceased, against A. J. Hoban and John W. Taggart, partners under the name and style of Hoban & Taggart, defendants, and W. N. Jones, garnishee. There was a judgment in favor of plaintiff against the garnishee, and he appeals. The respondent now files motion to dismiss the appeal.

MOTION DENIED.

*Mr. Cicero M. Idleman* and *Mr. Sidney J. Graham,* for the motion.

*Mr. J. B. Ryan* and *Mr. Samuel B. Huston, contra.*

Department 1. MR. JUSTICE MOORE delivered the opinion of the court.

1. This is a motion to dismiss an appeal, based on the ground of the alleged insufficiency of the notice properly to describe the judgment sought to be reviewed.

The record of the cause before us shows that on December 30, 1912, the plaintiff herein recovered from the defendant W. N. Jones, garnishee, the sum of $5,090, with interest thereon from July 11, 1907, at the rate of 6 per cent per annum and the costs and disbursements of the action. The notice referred to is entitled in the proper court; it gives the names of all the parties to the action, and, omitting the signature of the appellant's attorneys, it reads as follows:

"You are hereby notified that the defendant W. N. Jones, garnishee in the above-entitled suit, appeals to

the Supreme Court of the State of Oregon from the judgment rendered and entered herein on December 30, 1912, in favor of the plaintiff and against the said defendant; and that this appeal is taken from the whole of said judgment.''

This notice was served on plaintiff and the service thereof was also admitted by the codefendants Hoban and Taggart, so that all the adverse parties who might be affected by a reversal or a modification of the judgment were thus informed of the proceedings undertaken to secure a transfer of the cause.

A statute declaring the adequacy of the information required to be furnished in order to obtain a review of a judgment or a decree reads as follows:

''Such notice shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken to the Supreme or Circuit Court, as the case may be, from the judgment * * or decree, or some * * part thereof'': Section 550, L. O. L.

A notice of appeal, which correctly specifies the court rendering the determination involved, gives the names of the parties to the action, the date of the judgment, and informs the adverse parties that an appeal from the judgment in the cause has been taken, is sufficient without any other description: *Ream* v. *Howard,* 19 Or. 491 (24 Pac. 913). The notice of appeal herein comes within the specification thus approved. It was served upon all the adverse parties; the designation of the judgment is sufficient for identification; and, an undertaking on appeal having been given, jurisdiction was thereby conferred upon the court.

It follows that the motion should be denied, and it is so ordered.            Motion Denied.

Decided January 6, 1914.

ON THE MERITS.

(137 Pac. 751.)

Statement by MR. JUSTICE BURNETT.

In an action against the defendants, Hoban and Taggart, the plaintiff caused a writ of attachment to be issued and served with a notice of garnishment upon W. N. Jones, who certified "that I have this day no property in my possession or under my control belonging to the within named defendants, or either of them. Dated May 7, 1908." Afterward, on a date not directly disclosed by the abstract, but at least prior to February 17, 1912, the court entered a judgment which, after the title of the cause, reads thus:

"This cause coming on at this time to be heard on motion of attorney for plaintiff herein for a judgment in the above-entitled cause, and the court having heretofore made and entered its findings in accordance therewith, and upon motion of attorney for plaintiff herein, it is ordered and adjudged that the plaintiff recover from off of the defendants, or either of them, the sum of five thousand ninety ($5,090) dollars, together with interest thereon at the rate of 6 per cent per annum since the 11th day of July, 1907, and that he have judgment against the said defendants, and each of them, for the said amount, and for his costs and disbursements taxed at $———, and that execution may issue out of this court to satisfy the same."

On April 25, 1912, the sheriff of Multnomah County certified that he had received an execution on February 17th of that year, issued upon this judgment, but that he returned the same, having been unable to find any property belonging to the defendants. It seems that on March 4, 1909, an order of the court was served upon Jones, as garnishee, commanding him to appear

on the 6th day of that month before a judge of the Circuit Court to be examined on oath concerning the property in the possession of the garnishee belonging to the defendants. He appeared at that time, and his testimony was taken; but it does not appear that any order was then made or entered concerning his liability. On December 28, 1912, the following notice signed by the attorneys for the plaintiff was served upon S. B. Huston, as attorney for the garnishee:

"To W. N. Jones, the Above-named Garnishee, and to
    S. B. Huston, Your Attorney:
    "You, and each of you, are hereby notified that the plaintiff will apply to Judge C. U. Gantenbein, on Monday, December 30, 1912, at 9:30 o'clock A. M., or as soon thereafter as it may be reached, for an order entering judgment against you in the sum recovered by the plaintiff against the defendants in the above-entitled suit. This notice is served upon you pursuant to an order of the Honorable C. U. Gantenbein."

On December 30, 1912, the court entered a judgment, reciting the appearance of the plaintiff and the garnishee by their attorneys, and ordering and adjudging that the plaintiff recover from Jones, as garnishee, the sum of $5,090, together with interest therein named; that being the amount of the original judgment against the principal defendants. From this judgment, the garnishee, Jones, has appealed.

                        REVERSED WITH DIRECTIONS.


For appellant there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For defendant, John W. Taggart, there was a brief and an oral argument by *Mr. J. B. Ryan.*

For respondent there was a brief over the names of *Mr. Cicero M. Idleman* and *Mr. Sidney J. Graham,* with an oral argument by *Mr. Idleman.*

Department 1.  MR. JUSTICE BURNETT delivered the opinion of the court.

2. It is contended by the garnishee that the judgment is invalid because no allegations and interrogatories were served upon him in any of the proceedings. It is recited in the statement of counsel for the garnishee that no interrogatories or allegations were served.  The attorneys for the plaintiff state in their additional abstract that interrogatories were served. It becomes necessary, therefore, as a preliminary, to settle the dispute on this point.  It is stated in Section 538, L. O. L., that: "Notices shall be in writing, and notices and other papers shall be served on the party or attorney in the manner prescribed in this chapter, where not otherwise provided by this code."  It is also laid down in the following section that: "The proof of service shall be the same as the proof of service of a summons, and shall be returned with the original notice, or other paper of which service is made, at the time and place therein prescribed for the hearing or other proceeding to be had thereon."  In Section 62, L. O. L., it is laid down that: "Proof of the service of the summons * * shall be as follows: 1. If the service or deposit in the postoffice be by the sheriff or his deputy, or by a constable or marshal, the certificate of such officer; or, 2. If by any other person, his affidavit thereof; * * or, 4. The written admission of the defendant."  Although both parties have filed a printed abstract of the record, and in the one filed by the plaintiff certain allegations and interrogatories are quoted, there is nothing in either of them to show that those papers were in fact served upon the garnishee.  In the absence, therefore, of the proof required by the statute, it must be determined that they were not served.

3. It is contended by the plaintiff that, because the garnishee appeared by his attorney at the time the

judgment was rendered against him, he thereby conferred jurisdiction upon the court to render the judgment. On this point, however, in *Barr* v. *Warner,* 38 Or. 109 (62 Pac. 899), Mr. Justice MOORE, speaking for the court, said:

"A garnishee may waive many irregularities in the notice of garnishment, and by his certificate or answer in response thereto submit himself to the jurisdiction of the court, and thus become in privity with, and in effect a party to, the judgment which has been or may be rendered against his creditor [citing many authorities]; but, while a garnishee may waive jurisdiction of his person, he cannot, by voluntarily appearing, waive the defendant's rights, or substitute the latter's creditor for his own, because that relates to the jurisdiction of the subject matter, which can be acquired only in the manner prescribed by law."

It has been ruled frequently that the service of allegations and interrogatories is essential to confer jurisdiction over the subject matter in cases where the answer of the garnishee denies liability, and the plaintiff in the writ would take further proceedings against him: *Case* v. *Noyes,* 16 Or. 329 (19 Pac. 104); *Smith* v. *Conrad,* 23 Or. 206, 211 (31 Pac. 398); *Keene* v. *Smith,* 44 Or. 525 (75 Pac. 1065). By virtue of the service of the writ of attachment upon a garnishee, the plaintiff acquires a right analogous to subrogation, giving him the privilege of bringing what may be termed an ancillary action against the garnishee to sequester the debt owing from the latter to the principal defendant. It is essential that allegations and interrogatories equivalent to a complaint on the cause of action existing in favor of the principal defendant, and for the time being conferred upon the plaintiff against the garnishee, be served upon the latter in the ancillary proceeding. Otherwise, the court does not obtain any jurisdiction over the subject matter. It would be like

proceeding to judgment where a summons was served, but no complaint was filed.

4. A further reason why the judgment against the garnishee should be reversed is found in the fact that the plaintiff took judgment without in any way referring to or perpetuating therein the lien of the attachment. This constitutes a waiver of the attachment, putting an end to its efficiency. This question is exhaustively considered by Mr. Justice RAMSEY, in *Mertens* v. *Northern State Bank,* 68 Or. 273 (135 Pac. 885), where the authorities are reviewed, and the rule is laid down in substance that, wherever the lien of an attachment is not perpetuated by the judgment, it is waived, and comes to naught.

For the reasons stated, the judgment against the garnishee has no foundation in law, and is reversed, with directions to dismiss the proceeding.

REVERSED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.