Submitted on briefs October 26, decided November 9, 1909.

## WILLETT *v.* KINNEY.

[104 Pac. 719.]

LOGS AND LOGGING—LIENS—CONVERSION OF LOGS–ACTIONS—PLEADING.

1. Under Section 87, B. & C. Comp., providing that in pleading a judgment facts conferring jurisdiction need not be stated, a complaint based on Section 5692, making a person rendering impossible of identification logs on which there is a lien liable to the lienholder, which alleges that the lien on the logs was duly foreclosed in a suit instituted for that purpose, need not allege the facts showing the validity of the lien; the validity having been presumably established.

LOGS AND LOGGING—LIENS—CONVERSION OF LOGS—ACTIONS—PLEADING.

2. A complaint based on Section 5692, B. & C. Comp., making a person who, without the consent of the lien claimant, renders impossible of identification any logs on which there is a lien liable to the lienholder, which alleges that defendants, fraudulently conniving, conspiring, and confederating to cheat and defraud plaintiff out of his labor and lien security, destroyed and removed all of the logs and rendered the same impossible of identification, and appropriated the same to their own use, sufficiently negatives the consent of plaintiff to the removal as against a demurrer.

APPEAL AND ERROR—DENIAL OF MOTION FOR NONSUIT—REVIEW.

3. The denial of a judgment of nonsuit will not be reviewed on appeal unless it appears from the bill of exceptions that all the testimony offered at the time the motion for nonsuit was interposed has been brought up for examinination, and, when this is not done, it will be presumed in favor of the judgment that there was sufficient evidence to warrant a submission.

EVIDENCE—SUFFICIENCY.

4. A plaintiff having the burden of proof in a civil action must introduce such testimony as will reasonably show his right of recovery, but he need not prove his case beyond a reasonable doubt, and, where the evidence produced by the respective parties does not preponderate in favor of plaintiff, the jury must find for defendant.

EVIDENCE—SUFFICIENCY.

5. Where the evidence is equally balanced, or so close as to make it doubtful which party has presented the greater weight of evidence, the verdict should be against the party having the burden of proof, but the mere fact that the evidence of plaintiff leaves the jury in doubt as to what the amount of the verdict should be, does not require a finding for defendant.

LOGS AND LOGGING—LIENS ON LOGS.

6. Under Section 5692, B. & C. Comp., making one rendering impossible of identification logs on which there is a lien liable to the lienholder for damages to the extent of the sum secured, a defendant appropriating to his own use logs subject to a lien in favor of another, and the value of the logs exceed or equal the value of the lien, is liable to the lienholder.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR CHIEF JUSTICE MOORE.

This is an action by W. E. Willett to recover damages for the alleged removal of personal property that was

subject to a logger's lien. The complaint averred, in effect, that at all the times stated therein the defendants, E. M. Ward and Fred Hollister, were partners under the firm name of the Ward Logging Company; that an agreement was consummated whereby the defendant, L. D. Kinney, stipulated to pay plaintiff $1 per 1,000 feet for cutting saw logs from certain land in Coos County, and a like sum per 100 lineal feet for cutting piles therefrom; that pursuant to such contract, the plaintiff between February 7, 1908, and March 21st of that year, cut from the land specified, saw logs and piles, stating the quantity of each, for which Kinney promised to pay him $104, but had only discharged $21 thereof; that $83 thereby remained due, to secure the payment of which the plaintiff on or about April 21, 1908, filed a verified claim of lien on the logs and piles so cut, which notice was duly recorded; that, in October, 1908, by consideration of the circuit court of that county, in a suit by the plaintiff herein against the defendant Kinney, a decree was duly rendered foreclosing the lien, and there was then determined to be due Willett thereon the sum of $128.50, including costs and disbursements, of which decree the plaintiff is the owner; that no part of the sum so awarded has been paid; that by virtue of the labor so performed, and of the filing, recording, and foreclosing of the lien, the plaintiff is the owner of a special interest in the logs and piles to the extent of $128.50; that such timber was then reasonably worth a sum largely in excess of all lien claims thereon; that the defendants, fraudulently conspiring to cheat, wrong, and defraud the plaintiff, removed all of such logs and piles, rendering the same impossible of identification, whereby the plaintiff was damaged in the sum of $128.50.

A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled, whereupon Ward and Hollister filed an answer which denied the material averments of the com-

plaint, and for a separate defense alleged that after April, 1908, Ward bought of Kinney, who was the owner thereof, the logs and piles described in the complaint; that Ward agreed with Kinney and the plaintiff herein, and also with F. T. Barton, who claimed some interest in the timber, to pay for all the timber which he should take, the stipulated prices for cutting the logs and piles; that he received certain quantities thereof valued at $51.28, one half of which sum was due the plaintiff and the remainder belonged to Barton, and on account of which the plaintiff had received all but $8.28, which prior to the commencement of this action was tendered to him, and a like sum offered to Barton, but each refused to accept the same.

A reply put in issue the allegations of new matter in the answer, and, the cause being tried, judgment was rendered as demanded in the complaint, and the defendants, who filed an answer, appeal.        AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. J. H. Guerry* and *Mr. A. H. Dalrymple.*

For respondent there was a brief with an oral argument by *Mr. N. C. McLeod.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is contended that an error was committed in overruling the demurrer. This action is based on a clause of the statute which provides generally, that if any person without the express consent of the lien claimant, render impossible of identification any saw logs or piles upon which there is a lien, such person shall be liable to the lienholder for damages to the extent of the sum so secured. Section 5692, B. & C. Comp. It is argued that the complaint having stated that the plaintiff between February 7, 1908, and March 21st of that year, performed labor in cutting saw logs and piles, he must necessarily have finished his work on the timber on or before March 20, 1908, and, as the plaintiff's primary pleading avers that the

lien was filed on or before April 21, 1908, the allegation does not show that the notice was filed within the 30 days prescribed (Section 5683, B. & C. Comp.), nor is it averred that the acts complained of were done "without the express consent of the person entitled to such lien," as required by the statute (Section 5692, B. & C. Comp.), and hence the demurrer should have been sustained.

1. It will be remembered that the complaint alleges that the lien was duly foreclosed in a suit instituted for that purpose from which averment, in an independent action, it will be inferred that the validity of the lien was thereby established (Section 87, B. & C. Comp.), and hence it was unnecessary to set forth in the complaint the facts which the law inferred. Bliss, Code Plead. § 176; *Rutenic* v. *Hamakar,* 40 Or. 444, 450 (67 Pac. 196).

2. It must be admitted that the complaint should have been framed in conformity with the language of the statute, and averred that the logs and piles were removed by the defendants "without the express consent of the person entitled to such lien." Section 5692, B. & C. Comp. The allegation, however, in the complaint that the defendants, "fraudulently conniving, conspiring and confederating * * to cheat, wrong and defraud this plaintiff out of his labor and lien security, did injure, impair, destroy, and remove all of said saw logs and piling, and rendered the same impossible of identification, and appropriated the same to their own use," etc., negatives such consent, and tenders an issue on that subject. No error was committed in overruling the demurrer.

3. It is maintained that an error was committed in refusing to grant a judgment of nonsuit. The bill of exceptions does not purport to contain all the evidence given at the trial, but only the substance thereof. The rule is settled in this State that the action of a trial court in denying a motion for a judgment of nonsuit will not

be reviewed on appeal, unless it affirmatively appears
from the bill of exceptions that all the testimony intro-
duced at the time the motion was interposed has been
brought up for examination, and, when this is not done,
it will be presumed in favor of the judgment of the
lower court that there was sufficient evidence to warrant
a submission. *Schaefer* v. *Stein,* 29 Or. 147 (45 Pac.
301) ; *Thomas* v. *Bowen,* 29 Or. 258 (45 Pac. 768) ;
*First Nat. Bank* v. *Fire Association,* 33 Or. 172, 193
(50 Pac. 568: 53 Pac. 8) ; *Carney* v. *Duniway,* 35 Or.
131, 135 (57 Pac. 192: 58 Pac. 105).

4. It is insisted that errors were committed in refusing
to charge the jury as requested, to wit:   (1) "It is the
duty of the plaintiff to present such evidence to the jury
as will make clear his right to recover."   (2) "If the
evidence of the plaintiff leaves the jury in doubt as to
what the amount of the verdict should be, then you
should find for the defendants."   (3) "If you should
not be able to determine from the evidence beyond a
reasonable doubt as to what the amount of the verdict
should be, then you should find for the defendants."
The burden of proof was imposed on the plaintiff, making
it incumbent upon him to introduce such testimony as
would reasonably show his right of recovery. If the
evidence produced by the respective parties does not pre-
ponderate in favor of the plaintiff, the jury should find
for the defendants.

5. In the trial of civil actions, though the verdict is
necessarily based on the weight of the evidence, the plain-
tiff, unless his cause of action is admitted by the answer,
is required to introduce testimony which reasonably tends
to show a right to recover his demand or some part
thereof.   Absolute certainty is rarely possible when the
determination of an issue rests upon testimony, and, this
being so, the omission of the word "reasonably" as quali-
fying the phrase "will make clear," as used in the first
request, makes the demand for that part of the charge

objectionable, and no error was committed in refusing to give it.

"If the evidence," says a text-writer, "is equally balanced, or so close as to make it doubtful which party has presented the greater weight of evidence, then the verdict should be against the party on whom rests the burden of proof, and the refusal to give an instruction to that effect when properly requested, is error." Hughes, Inst. to Juries, § 202.

An examination of the second requested instruction will show that the language suggested does not come within the legal principle quoted, and no error was committed in denying the request. The third request demands a measure of proof "beyond a reasonable doubt," which degree of evidence is not required in the trial of civil actions, and hence the petition for the instruction was properly denied.

6. An exception having been taken to the following part of the court's charge, it is argued that an error was committed in instructing the jury as follows:

"If you should find from the evidence that the defendants appropriated to their own use a sufficient number of the logs mentioned in said complaint to amount to a sum of more or equal value to the judgment rendered in favor of plaintiff against L. D. Kinney on the foreclosure of his lien, then you will find a verdict for the plaintiff, provided you find that the logs were those subject to the lien of plaintiff as in the complaint alleged."

This instruction is within the issues, is compatible with the plaintiff's theory of the case, and complies with the provisions of the statute (Section 5692, B. & C. Comp.), and no error was committed in this respect.

Other errors are assigned; but, deeming them unimportant, the judgment is affirmed.          AFFIRMED.