Argued July 24, decided August 6, 1912.

# GRAF v. WILSON.

[125 Pac. 1005.]

GARNISHMENT—PROPERTY SUBJECT—DEFENDANT'S RIGHTS—CONDITIONS PRECEDENT—EFFECT.

1. Where a defendant has property or funds in the possession or under the control of, or owing from, a county, and cannot himself institute an action therefor without previous notice or demand, such property, if otherwise subject to garnishment, is not exempted by his failure as to notice or demand.

GARNISHMENT—GROUNDS—NATURE OF CREDITOR'S RIGHT.

2. The general rule is that a creditor has no greater rights against a garnishee than the defendant had before the writ was served.

GARNISHMENT—PROPERTY SUBJECT—EXISTENCE OF RIGHT OF ACTION BY DEFENDANT.

3. The usual, though not the decisive, test as to whether garnishment will lie, is whether the defendant is able to maintain an action or suit against the garnishee.

GARNISHMENT—NATURE OF REMEDY.
   4. Garnishment ·is purely a statutory proceeding.

GARNISHMENT—PROPERTY SUBJECT—CONTINGENT LIABILITY—APPROVAL
   •    BY PRINCIPAL DEBTOR.
   5. Section 234, subd. 1, L. O. L., provides that, where the garnishee's
certificate shows a debt to the judgment debtor then due, the sheriff,
on failure of payment on demand, shall levy on property of the garnishee,
but that if such debt is not then due he shall sell it according to the
certificate, as other property; Section 258 provides that any wages or
credits in the possession of any county and owed to any person shall be
subject to· garnishment; and Section 3049, relating to Multnomah County,
prescribes that no order for the payment of any demand shall be valid
in the hands of the original payee or an assignee unless the demand for
which it was issued has been first audited and approved by the county
auditor.    Defendant on June 30th received a time check for labor per-
formed for the county which was assigned on July 3d and presented by
the assignee for allowance on July 11th, pending a writ of garnishment
served on the county June 30th.  Held that, in view of the provision as
to the sale of debts not due, the debtor's claim against the county at
the time of the service of the writ was not contingent, and hence was
subject to garnishment.

From Multnomah:    HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE BEAN.

This is an appeal by Multnomah·County from a judg-
ment against it as garnishee in an action by E. A. Graf
against J. C. Wilson.    In December, 1909, the plaintiff
recovered a judgment against the defendant, J. C. Wilson,
in the justice's court, for $175 and costs, and filed a
transcript thereof in the circuit court for Multnomah
County.    Execution on the judgment was issued out of
the circuit court June 25, 1911.    On June 30, 1911, a writ
of garnishment was served on Multnomah County, by
delivering the same to the county clerk.    The clerk made
a return on the writ as follows:

"Nothing now in my hands as county clerk nor was
there anything on June 30, 1911."

Thereafter plaintiff filed an affidavit, and secured an
order of the circuit court requiring the county clerk to
appear and be examined under oath, concerning property
in the possession of the said garnishee, belonging to

defendant Wilson. Allegations and interrogatories were served upon the county by plaintiff, to which the garnishee answered. Issue was joined by the reply. Upon the examination, plaintiff and garnishee agreed upon the facts involved, as follows:

"That during the month of June, the defendant, Wilson, worked for the county of Multnomah about 21.75 days at $5 per day, earning for said month the sum of $109.38; that upon the 30th day of June, 1911, one of the road supervisors for said county issued to said defendant a time check for said amount; that on the 3d day of July, 1911, the defendant, Wilson, for a valuable consideration, assigned said time check to the firm of Aldrich & Linnett, which said firm thereafter and before the 11th of July, 1911, presented said time check to the county auditor of Multnomah County for audit and allowance; that at the time the writ of garnishment was served upon the county clerk, said claim had not been presented to the county auditor for audit and allowance."

Upon these facts, the circuit court concluded that the plaintiff was entitled to a judgment against the county of Multnomah for $109.38.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. George J. Cameron,* District Attorney, *Mr. R. E. Dennison,* Deputy District Attorney, *Mr. M. H. Clark* and *Mr. R. F. Peters,* with oral arguments by *Mr. Clark* and *Mr. Dennison.*

For respondent there was a brief over the names of *Mr. Sidney Teiser, Mr. Oliver M. Hickey* and *Mr. M. B. Meachan,* with an oral argument by *Mr. Teiser.*

MR. JUSTICE BEAN delivered the opinion of the court.

It is contended on behalf of the county that the fund was not subject to garnishment, because Wilson's claim was contingent until presented for auditing and allowance. The contention of the plaintiff is that the claim is not contingent, and that the fact that the claim was no presented to the county at the time of, or before, the issuance

of the writ, does not affect its character, nor make it contingent, and that therefore it was subject to garnishment.

This one question is involved in the case, namely: Was the debt due from the county subject to garnishment? The sections of the statute applicable thereto are as follows: Section 234, subd. 1, L. O. L., provides that "if it appear from the certificate of the garnishee that he is owing a debt to the judgment debtor, which is then due, if such debt is not paid by such garnishee to the sheriff on demand, he shall levy on the property of the garnishee for the amount thereof, in all respects as if the execution was against the property of the garnishee; but if such debt is not then due, the sheriff shall sell the same according to the certificate, as other property." The original garnishment law relating to public officers was passed in 1862 (Section 259, B. & C. Comp.), and provided that a public officer should not be liable to answer as garnishee. This section was repealed in 1903. See Laws of 1903, p. 199. In 1909, the legislature of this State enacted Section 258, L. O. L., which is as follows:

"Any salary, wages, credits, or other personal property in the possession or under the control of the State of Oregon or of any county, city, incorporated town, school district or other political subdivision therein or thereof, or any board, institution, commission, or officer of the same, belonging or owed to any person, firm or corporation whatsoever, shall be subject to attachment, garnishment and execution in the same manner and with the same effect as property in the possession of individuals is now subject to attachment, garnishment and execution; provided, however, that process in such proceedings may be served on the officer by or through whom such salary, wages, credits, or other property is paid or delivered in the ordinary course of business, or on the officer whose duty it is to audit or to issue a warrant for such salary, wages, money, or other personal property; and provided further, that no clerk or officer of any court shall be required to answer as garnishee as to any moneys or property in his possession in the custody of the law."

It is claimed by counsel for the county that the claim of Wilson, the principal debtor in the execution, was contingent by reason of Section 3049, L. O. L., which concerns Multnomah County, and prescribes that any demand, except the salary of the county auditor, to be paid out of the treasury, shall be audited and approved by the county auditor, and an order made by the county court or board of commissioners, before the same shall be paid.

"No order or warrant for the payment of any demand shall be valid, either in the hands of the original payee or holder, or any transferee or assignee thereof, unless the demand for which the same was issued shall have been first duly audited and approved by the county auditor, as in this act provided."

The principle is announced in *Ware* v. *Gowen,* 65 Me. 534, and in *Miller* v. *Scoville,* 35 Ill. App. 385, that when labor contracted for is performed, and there remains only to fix its amount and value, the fact, that by the contract the payment is to be made on an estimate and certificate of the third person, does not constitute a contingency within the meaning of the statute. Clause 4, § 55, c. 86, of the Revised Statutes of Maine, provide that no trustee shall be charged:

"By reason of any money or other thing due from him to the principal defendant, unless at the time of the service of the writ upon him, it is due absolutely and not on any contingency."

Section 61 of the same chapter provides that "any money or other thing due absolutely to the principal defendant, may be attached before it has become payable; but the trustee shall not be compelled to pay or deliver it before the time appointed therefor by the contract." It was held that the phrase "due absolutely and not on a contingency" was applicable to the past earnings of a party, payable in the future on the estimate and certificate of a third person. See, also, *Cutter* v. *Perkins,* 47 Me. 557.

In *Holbrook* v. *Waters,* 19 Pick. (Mass.) 354, it was held that the interest of a husband in a legacy accruing to his wife during the coverture was subject to be attached in the hands of the executor, at the suit of a creditor of the husband, before a decree of distribution.

In *Webster Wagon Co.* v. *Peterson,* 27 W. Va. 314, at page 334, the court, in commenting on the views expressed by Mr. Waples, in his work on Attachment and Garnishment, c. 6, close of Section 4, p. 218, said:

"There may be deduced from these and other cases other reasons than those assigned by Waples, why, when a defendant has property or funds in the hands of another, though it may be under such circumstances that he cannot institute a suit for it without previous notice or demand, such property or funds will never be exempt from garnishment, merely because the defendant has not given such notice or made such demand."

There are circumstances under which the garnishee will be liable, though the defendant could not immediately recover of him: (1) Under some statutes, when a debt is not yet due; (2) when notice on the part of the defendant is a prerequisite to recovery.

1. Where the defendant has property or funds in the possession or under the control of, or owing from, a county, under such circumstances that he cannot institute an action therefor without previous notice or demand, such property or funds, if otherwise liable to be subjected to garnishment, cannot be exempt for want of such preliminary action on the part of the defendant; for, if so, he might foil the thrust of the creditor by purposely avoiding the giving of the notice or the making of the demand.

2. The general rule is that the creditor has no greater rights against the garnishee than the defendant had before the writ was served; that he steps into the shoes of the defendant and prosecutes for him in order that the

Sig. 16

credit or property of the latter may be subjected to the payment of such judgment as may be obtained against him. Here is a reasonable exception to the rule, so manifestly just that the opposite course, as is clearly seen, would defeat the ends of justice. Waples, Attachment & Garnishment, pp. 217, 218; Rood, Garnishment, § 46; *Keene* v. *Smith,* 44 Or. 525, 527 (75 Pac. 1065).

3. It is not a decisive test, though a usual one, that the principal defendant be able to maintain an action or suit against the garnishee, in order for garnishment to lie. *Whitney* v. *Munroe,* 19 Me. 42, 44 (36 Am. Dec. 732); *Ham* v. *Peery,* 39 Ill. App. 341, 342, 343; *Bank of Montreal* v. *Clark,* 108 Ill. App. 163, 168.

4. Throughout the United States, garnishment is purely a statutory proceeding, and its operation is controlled by statutory authority. Drake, Attachment (7 ed.) § 451.

5. Referring again to our statute, it will be observed from Section 234, L. O. L., that, "if such debt be not then due," it should be sold as other property; therefore in such case no judgment is taken against the garnishee. The requirement that the claim of Wilson against Multnomah County should first be presented and audited, would, at the most, only require the plaintiff, after the claim was sold, upon execution to present it for auditing and allowance. According to the stipulation of the parties as to the facts, Wilson had performed the labor and was entitled to the amount of wages named. Nothing further remained for him to do to make the liability of the county complete, except the presentation of the claim for auditing and allowance. This requisite, according to the rules above mentioned, would not exempt the debt from garnishment. Especially should this rule be invoked under our statute which plainly provides that wages owing to any person from any county shall be subject to garnishment and execution. Any other rule would

render the legislative decree nugatory or of little avail. It would be useless for plaintiff to wait until the claim was presented or paid. If he must, the ends of justice would often be defeated. Wilson's claim against the county at the time of the service of the writ was not contingent within the meaning of the rule. Counsel for defendant cite and rely upon *Case* v. *Noyes*, 16 Or. 329, 332 (19 Pac. 104). It should be remembered that Section 258, L. O. L., which changed the law in respect to garnishment, was not in force when that opinion was rendered. It is urged that it would be an inconvenience to the public to subject such claims due from a county to the process of garnishment; but that is a legislative question. It is a simple matter for county officers, when such proceedings are taken, to defer payment to the judgment debtor and make certificate of the facts in response to the garnishment. This is required of persons, and the statute subjects counties to the same provisions.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.          AFFIRMED.