Argued September 13, affirmed September 21, 1915.

## MANN v. W. A. GORDON CO.

(151 Pac. 704.)

**Garnishment—Jurisdiction—Complaint.**

1. A complaint, labeled "Allegations and Interrogatories," which set up that the defendant was indebted to the garnishee, is sufficient to give the court jurisdiction of the garnishment proceeding, though no interrogatories were filed.

**Assignments for Benefit of Creditors—Validity—Insolvency Act.**

2. Where a debtor corporation assigned funds held by a trustee to one of its creditors, who was to prorate the payment with other creditors, and there was a partial payment *pro rata* of the debts, such payment not discharging the same, the assignment was not ineffective as a void attempt at a statutory assignment.

> [As to when an assignment is deemed fraudulent and the effect of the fraud thereon, see note in 58 Am. St. Rep. 74.]

**Corporations—Corporate Officers—Powers of.**

3. The payment of debts is part of the ordinary business of a corporation, and in the absence of proof to the contrary it will be presumed to be within the scope of the authority of a general manager, whether he be acting as an officer *de jure* or *de facto*.

**Corporations—Officers—Authority of General Manager.**

4. An officer of a corporation may be authorized to act for it by parol, and proof of his authority may be shown in that manner; a special resolution of the board of directors being unnecessary.

From Multnomah: Henry E. McGinn, Judge.

Department 2.    Statement by Mr. Justice Benson.

On April 1, 1914, S. C. Mann began an action against the W. A. Gordon Company, a corporation, for the recovery of $2,097.20, and on the same day a writ of attachment was issued therein. On April 10th the writ and a notice of garnishment were served upon R. L. Sabin, who was supposed to have in his possession certain funds belonging to the defendant corporation. On April 23d, Sabin having failed to make any return under the garnishment proceedings, plaintiff filed a

complaint, labeled "Allegations and Interrogatories," against the garnishee, setting out the facts, and praying that Sabin be required to appear and answer as to the property in his hands subject to attachment for the debts of the defendant corporation.   The garnishee filed his answer to this complaint, denying that he had any property in his hands belonging to the W. A. Gordon Company, and alleging affirmatively that on March 23, 1914, one G. R. Knight had assigned to him certain personal property in trust for the use and benefit of the creditors of said G. R. Knight, of which the W. A. Gordon Company was one; that on April 2, 1914, the W. A. Gordon Company had made and delivered to the Wasco Warehouse Milling Company its order upon Sabin, directing him, as such trustee, to pay to the order of the Wasco Warehouse Milling Company, for itself and others named, any moneys due or to become due from him on account of the claim of the W. A. Gordon Company against G. R. Knight; that the said order was presented to him on April 2d, and was then accepted by him; that on April 10th there was no property in his hands belonging to the W. A. Gordon Company.   A reply having been filed, a hearing was had, resulting in a judgment of the trial court in favor of the garnishee, and plaintiff appeals.   AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondent there was a brief over the name of *Messrs. Huntington & Wilson,* with an oral argument by *Mr. Bela S. Huntington.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Respondent contends that the trial court never acquired jurisdiction of the proceeding, for the reason that no interrogatories were filed by appellant with his complaint. We cannot agree, however, with this position, for it appears to us quite clear that the allegations filed by plaintiff are sufficient to give the court jurisdiction, and we think that the case of *Smith* v. *Conrad,* 23 Or. 206 (31 Pac. 398), cited by respondent, fully sustains our view.

2. We therefore proceed to consider appellant's assignments of error. These are several in number, but as counsel for appellant has properly said in his brief:

"Each and every assignment relates directly or indirectly to the one principal question, viz., the legal effect of the writing involved."

This writing about which the entire controversy centers reads thus:

"Mr. R. L. Sabin, Secretary Merchants' Protective Assn., Portland, Oregon—

"Dear Sir: Please pay to the order of the Wasco Warehouse Milling Company, in trust for itself and R. P. Anderson of Haines, Oregon, Grand View Feed & Fuel Company of Grand View, Washington, Gaston Gardens Company, Portland, Oregon, S. C. Mann, North Powder, Oregon, and R. R. Wilson, of Baker, Oregon, any moneys due or to become due from you on account of the claim of the W. A. Gordon Company against G. R. Knight, and the receipt of said Wasco Warehouse Milling Company will be a receipt to you for said money.

"Dated Portland, Oregon, this 2d day of April, 1914.
                    "THE W. A. GORDON COMPANY,
                              "Per R. P. KNIGHT,
                                        "Secretary.
"Received this notice April 2, 1914, 2:45 P. M.
                              "R. L. SABIN."

Plaintiff contends that this transfer is ineffective for any purpose for several reasons: (1) That it is a void attempt to make a statutory assignment under the insolvency laws of the state, and ineffective because it does not comply fully with the statute; (2) because it purports to be the unauthorized act of the secretary of the corporation, and therefore void; (3) that there is no competent evidence that R. P. Knight was the secretary of the defendant corporation.

The testimony as a whole was not sent up, but from the fragments included in the bill of exceptions we gather that W. A. Gordon was the president and general manager of the corporation, exercising practically all the powers thereof; that R. P. Knight was the secretary; that in the fall of 1913 Gordon left the state, leaving Knight, the secretary, in absolute control of the corporate affairs. The record is silent as to the extent of the corporation's assets, or as to the number or names of its creditors, and also as to the extent of its liabilities. As already stated, the plaintiff was a creditor, and on April 1st began an action to recover his debt. The Wasco Warehouse Milling Company was also a creditor, and had been pressing the corporation for a settlement of its claim. Among the assets of the W. A. Gordon Company was a claim against one G. R. Knight, who had made an assignment for the benefit of his creditors, naming Sabin as trustee. As such trustee, Sabin had in his possession on April 2d some moneys which were subject to application upon the claim of the Gordon Company. On that day the secretary of the corporation, in order to avoid a lawsuit with the Wasco Warehouse Milling Company, gave it the order heretofore set out, which was accepted by the Milling Company, subject to the condition that it would

divide the money so received *pro rata* with certain other creditors named in the order. On the same day this order was presented to Sabin, who indorsed it as above indicated.

R. P. Knight testified without objection that he was the secretary of the company and was in charge of its business at the time these transactions occurred. This evidence, taken in connection with the form of the order above set out, does not disclose any effort at making such an assignment as is contemplated by the state insolvency act, but simply a partial payment, *pro rata,* of certain debts of the corporation. It does not in any sense act as a discharge of any debt remaining unpaid, either in whole or in part. It has no other effect than a mere payment *pro tanto* of such debts.

3. To us it seems clear that such payment of debts is a part of the ordinary business of a corporation, and in the absence of proof to the contrary may be presumed to be within the scope of the authority of a general manager, whether he be acting as an officer *de jure* or *de facto.*

4. As to the admissibility of the evidence touching R. P. Knight's authority to execute the order, we note that 4 Thompson's Corporations (1 ed.), section 4624, says, in effect, that proof of the authority of an officer to act for a corporation need not be made in the form of a resolution of the board of directors, duly entered upon the records of the corporation, conferring the authority upon the officer; but the act of the directors may be shown by an oral vote, and may be otherwise proved by parol, and often equally well by circumstantial evidence. In the case of *Markham* v. *Loveland,* 69 Or. 451 (138 Pac. 483), commenting upon this, Mr. Justice BURNETT says:

"Under modern business conditions, where the commonest every-day transactions are corporate acts, it would be intolerable if everything were required to be proven by a special resolution of the board of directors in each instance."

Finding no error in the record, the judgment of the lower court is affirmed.        Affirmed.

Mr. Chief Justice Moore, Mr. Justice Bean and Mr. Justice Harris concur.