Argued October 25, affirmed November 16, 1915.

## EDWARDS *v.* CASE.

(152 Pac. 880.)

**Attachment—Writ of Attachment—Force and Effect.**

1. Under Section 298, L. O. L., providing that a writ of attachment shall be directed to the sheriff of any county in which property of the defendant may be, and that several writs may be issued at the same time to the sheriffs of different counties, a writ of attachment directed to a particular sheriff is of no force or effect outside of his county.

**Garnishment—Service of Notice of Garnishment—Persons Authorized to Serve.**

2. Under Section 298, L. O. L., relative to writs of attachment, and Section 300, providing that the sheriff to whom the writ is directed and delivered shall execute it without delay, a sheriff was not authorized to serve a writ of attachment directed to the sheriff of another county, and his service of a notice of garnishment created no lien upon any debt due from the garnishee to the defendant.

**Garnishment—Notice of Garnishment—Requisites.**

3. A notice of garnishment should be directed to the person, firm or corporation having possession of property of, or owing a debt to, the defendant named in the writ of attachment, warning the garnishee that such goods and chattels or choses in action are attached and garnished to answer the plaintiff's demands when evidenced by a judgment.

**Corporations—Notice of Garnishment—Requisites—"Interest."**

4. While a debt due from a corporation is undoubtedly an "interest" therein within Section 300, subdivision 3, L. O. L., providing that personal property other than that capable of manual delivery shall be attached by leaving a certified copy of the writ and a notice specifying the property attached, if the property be rights or shares in the stock of an association or corporation or interests or profits thereon, with such person or officer of such association or corporation as a summons is authorized to be served upon, and a lien is impressed upon such debt by leaving a notice specifying the property attached with the person or officer upon whom a summons may be served, the notice must be addressed to the corporation, and not to such person or officer, and no lien on a debt due from a corporation was created by delivering to the corporation's attorney in fact a notice addressed to him.

**Garnishment—Appearance of Garnishee—Effect.**

5. Where a notice of garnishment, by means of which it was sought to attach a debt due the defendant from an insurance company, was addressed to the company's attorney in fact, instead of the company itself, and was served by a sheriff other than the sheriff to whom it was directed, the fact that the attorney in fact and the insurance company's general adjuster gave certificates in response to the notice, showing that the company had insured the defendant's stock of goods, did not confer jurisdiction of the subject matter of the debt undertaken to be garnisheed, as the garnishee cannot, by voluntarily appearing, waive defendant's rights, especially as attachment proceedings, though of ancient origin, are not of common-law origin, but in derogation thereof.

**Garnishment—Liability of Garnishee—Evidence.**

6. Where plaintiff, in an action in which a writ of attachment was served upon an insurance company, believing the certificates of the garnishee in response to the notice of garnishment to be insufficient, filed allegations and interrogations equivalent to a complaint in a cause of action in her favor against the garnishee, but, though the insurance company's answers to such interrogatories showed the issuance of a policy of insurance to the defendant and the destruction of the insured property by fire, they did not disclose a debt for any specific sum as being due defendant on account of the fire, or admit any liability therefor, and plaintiff offered no other evidence, no judgment could have been rendered against the garnishee based on such answers.

    [As to defenses of garnishee, see notes in **13 Am. Dec. 341;** **100 Am. Dec. 511.**]

## From Malheur: DALTON BIGGS, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE MOORE.

This was an action in the Circuit Court of Malheur County, Oregon, by Mrs. J. S. Edwards against Mrs. Ellen Case, to recover the amount of two promissory notes. The facts, as far as deemed material herein, are that the plaintiff duly secured a writ of attachment, which was directed to the sheriff of that county, who, pursuant thereto, seized some personal property of the defendant to satisfy any judgment that the plaintiff might obtain. Proof of such service was indorsed on the writ, which was thereupon sent to the sheriff of Multnomah County, who returned it June 17, 1914, with indorsements thereon as follows:

"State of Oregon,
    County of Multnomah—ss:

"I hereby certify I received the within writ of attachment on the 7th day of May, 1914, and executed the same within said county and state on the 7th day of May, 1914, by delivering a true and correct copy of said writ of attachment, prepared and certified to by me as sheriff, together with a notice of garnishment, to Fireman's Fund Insurance Company of San Francisco by delivering the same to Henry B. Tickner, special agent for the above-named Fireman's Fund Insurance Company of San Francisco personally and in person, thereby garnishing and attaching all property, debts, money, dues, rights and credits of every nature in their hands or under their control, and especially a certain sum of money belonging or owing the within named defendant, to which said garnishment the said Fireman's Fund Insurance Company of San Francisco, garnishee herein, has made an answer, which said answer is hereto attached and made a part of this return.

"Dated at Portland, Oregon, May 14, 1914.

                          "T. M. WORD,
    "Sheriff of Multnomah County, Oregon,
            "By MARTIN T. PRATT,
                  "Deputy Sheriff."

"Portland, Oregon, May 13, 1914.

"T. M. Word, Sheriff Multnomah County, Portland, Oregon.

"Dear Sir: I am in receipt of garnishee notice in the case of *Mrs. J. S. Edwards of Vale, Oregon,* v. *Mrs. Ellen Case,* and would advise that another garnishee notice in the case of *Lowengart & Company* v. *Mrs. Ellen Case* reached me yesterday having followed me around on a trip. I am forwarding these notices to the Fireman's Fund Insurance Company at San Francisco and would advise that while we have issued an insurance policy in favor of Mrs. Ellen Case at Vale, I have not yet received official notice of any loss or damage under such policy, and am not prepared to admit that the Fireman's Fund Insurance Company owes Mrs. Case under the above policy.

"Yours truly,

"HENRY B. TICKNER,

"General Agent.

"Received, T. M. Word, May 14, 1914, Sheriff of Multnomah County, Oregon."

"San Francisco, Cal., May 16, 1914.

"Mr. T. M. Word, Sheriff Multnomah County, Portland, Oregon.

"Dear Sir: In re loss 149344, Case, Vale. We acknowledge receipt of attachment of Mrs. J. S. Edwards against Mrs. Ellen Case, and in reply will state that the Fireman's Fund has a policy of insurance in favor of Mrs. Ellen Case for $1000.00 on property on which a loss was reported, and is now in course of adjustment.          Yours very truly,

"CHAS. R. THOMPSON

"General Adjuster.

"Amended return *in re Mrs. J. S. Edwards* v. *Mrs. Ellen Case.*

"T. M. WORD,

"Sheriff.

"MR. HARRY S. BLACK,

"Deputy."

The notice of garnishment, referred to, reads:

"In the Circuit Court of the State of Oregon for the County of Malheur.

"Mrs. J. S. Edwards,
                    Plaintiff,

          v.

Mrs. Ellen Case,
                    Defendant.

"To Henry B. Tickner:

"You are hereby notified that by virtue on [of] a writ of attachment issued out of . said court in the above-entitled action to me directed (a certified copy of which is herewith served upon you) all debts, property, moneys, rights, dues, or credits of every nature, in your hands or under your control, and especially a certain insurance contract policy or obligation issued by Fireman's Fund Insurance Company to Mrs. Ellen Case belonging or owing to said Mrs. Ellen Case, are hereby attached and garnisheed and you are hereby required to furnish forthwith a written statement of all such property or credits.

"May 7, 1914.

                              "T. M. WORD:
                         "By MARTIN T. PRATT,
              "Deputy Sheriff, Multnomah County."

The plaintiff on August 31, 1914, secured a judgment against Mrs. Case for the sum demanded, and also obtained an order of the court directing a sale of the specific articles of personal property so seized. No order was made, however, for the sale or disposal of her claim or demand against the insurance company for loss or damage of goods by fire. Mrs. Edwards, on January 20, 1915, deeming the certificates given by the agents of the insurance company insufficient, filed allegations and interrogations, equivalent to a complaint in a cause of action existing in her favor against the Fireman's Fund Insurance Company, setting forth

the facts as hereinbefore stated, and secured an order
of court requiring such interrogations to be answered.
The insurance company denied most of the averments
of the ancillary proceedings, and in addition to the
statements so indorsed upon the writ of attachment,
set forth the notice of garnishment, and alleged that
Mrs. Case's stock of goods, so insured, was destroyed
by fire May 2, 1914; that the circumstances of the fire
had been investigated by the garnishee, which was not
thereby convinced of its liability under the policy;
that on May 5, 1914, Lowengart & Co., a corporation,
commenced an action in the Circuit Court for Multno-
mah County against Mrs. Case to recover $1,287.71,
and on November 11th of that year she assigned all
her interest under the policy and to the loss and dam-
age to her goods by fire to that plaintiff, which is the
owner and holder thereof; that on January 6, 1915,
a judgment was rendered in that action against Mrs.
Case for the sum demanded; that no writ of attach-
ment was issued out of the Circuit Court of Malheur
County, directed to the sheriff of Multnomah County
in the action first mentioned herein; that the notice of
garnishment referred to was addressed to Henry B.
Tickner personally, who did not then have, nor has
he since secured, possession of any property, money,
etc., belonging to or due Mrs. Case. A reply put in
issue the answers of new matter to the interrogations,
and, the cause having been tried by the court, findings
of fact were made in substance as hereinbefore stated
and to the effect that Henry B. Tickner, to whom the
notice of garnishment was given, was then the duly
appointed attorney in fact of the Fireman's Fund In-
surance Company, which notice was directed to him
personally. As conclusions of law the court found

78 Or.—15

that the service of the notice of garnishment did not constitute a valid notice to the insurance company, and that Mrs. Edwards was not entitled to a recovery of any sum of money against that company. Based on these findings, a judgment was rendered in accordance therewith, and the plaintiff appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George W. Hayes*.

For respondent there was a brief over the names of *Mr. Otto J. Kraemer* and *Messrs. Huntington & Wilson,* with an oral argument by *Mr. Kraemer*.

Opinion by MR. CHIEF JUSTICE MOORE.

1. Our statute declares generally that a writ of attachment shall be directed to the sheriff of any county in which property of the defendant may be, and that several writs may be issued at the same time to the sheriffs of different counties: Section 298, L. O. L. The sheriff to whom the writ is directed and delivered shall execute the same without delay. A debt is attached by leaving with the debtor a certified copy of the writ and a notice specifying the property upon which a lien is thus sought to be established.

"If it be rights or shares in the stock of an association or corporation, or interests or profits thereon, then with such person or officer of such association or corporation as this Code authorizes a summons to be served upon": Id., § 300, subd. 3.

It will thus be seen that a writ of attachment, directed to a particular sheriff, is of no force or effect outside the county of which he is the chief executive and administrative officer: Wade, Attach., § 124.

2. The writ in the case at bar not having been directed to the sheriff of Multnomah County, Oregon,

that officer was not authorized to serve it; and, this being so, no lien upon any debt due from the insurance company to Mrs. Case was created by the delivery of the notice of garnishment, based on the command to attach her property.

3, 4. It will be remembered that such notice was addressed to Henry B. Tickner, and warned him that all debts, etc., in his hands or under his control and especially an insurance policy issued by the Fireman's Fund Insurance Company, belonging to and owned by Mrs. Case, was thereby attached and garnisheed. A notice of garnishment should be directed to the person, firm or corporation having possession of property of, or owing a debt to the defendant named in the writ of attachment, warning the garnishee that such goods and chattels or choses in action are attached and garnisheed to answer the plaintiff's demands, when evidenced by a judgment. A notice of garnishment to attach a debt due from a corporation should, like a summons or any other process, warn such artificial being that a sum of money due from it, or to mature in favor of a defendant in an action has been attached and garnisheed. A debt due from a corporation is undoubtedly an "interest" therein, whereby a lien is impressed upon the obligation by leaving with the person or officer of such corporation upon whom a summons may be legally served a copy of the writ of attachment and a notice specifying the property attached: Section 300, L. O. L. Such notice, however, should be addressed to the corporation, and not to such person or officer: Drake, Attach., § 470. The garnishee sought to be charged was not so addressed, and, in the absence of such direction, another reason exists for concluding that no lien upon any debt that might be due Mrs. Case was created by delivering to Henry B. Tickner, the

attorney in fact of the Fireman's Fund Insurance Company the notice mentioned.

5. It is argued by plaintiff's counsel, however, that the attorney in fact and the general adjuster of the, insurance company having given certificates in response to such notice of garnishment, whereby it appears that their principal had insured Mrs. Case's stock of goods against loss or damage by fire in the sum of $1,000, jurisdiction of the debt was thereby secured, and, this being so, an error was committed in denying the relief sought against the Fireman's Fund Insurance Company. The procedure prevailing in the United States of securing by attachment the payment of a judgment which might subsequently be obtained in an action evidently had its origin in the customs of the city of London, and though such practice was very ancient, it was not of common-law origin but in derogation thereof: Drake, Attach., § 1.

"Attachment proceedings," says Mr. Justice Thayer in *Schneider* v. *Sears,* 13 Or. 69, 74 (8 Pac. 841, 843), "are statutory, and unless the statute is strictly pursued, no right is acquired under them."

To the same effect see, also, *Case* v. *Noyes,* 16 Or. 329, 333 (19 Pac. 104); *White* v. *Johnson,* 27 Or. 282, 297 (40 Pac. 511, 50 Am. St. Rep. 726).

"A garnishee," says Mr. Justice Bean in *Altona* v. *Dabney,* 37 Or. 334, 336 (62 Pac. 521, 522), "stands in the position of a disinterested stakeholder, and therefore, according to the great weight of authority, cannot waive service of the process by which the property in his hands, or the debt due from him to the principal debtor, is garnisheed."

In *Barr* v. *Warner,* 38 Or. 109, 111 (62 Pac. 899), it is said:

"A garnishee may waive many irregularities in the notice of garnishment, and by his certificate or answer

in response thereto submit himself to the jurisdiction of the court, and thus become in privity with, and in effect a party to, the judgment which has been or may be rendered against his creditor (citing authorities); but, while a garnishee may waive jurisdiction of his person, he cannot, by voluntarily appearing, waive the defendant's rights, or substitute the latter's creditor for his own, because that relates to the jurisdiction of the subject matter, which can be acquired only in the manner prescribed by law.''

To the same effect is the ruling in the case of *Fraley* v. *Hoban,* 69 Or. 180, 186 (133 Pac. 1190, 137 Pac. 751), and *Price* v. *The Boot Shop,* 75 Or. 343 (146 Pac. 1088).

We conclude, therefore, that the certificates of the attorney in fact and of the general adjuster of the insurance company were insufficient to confer jurisdiction of the subject matter of the debt undertaken to be garnisheed.

6. No other evidence appears to have been offered by the plaintiff than the answers of the insurance company to her written interrogations, and since such responses do not disclose a debt for any specific sum as being due Mrs. Case on account of the loss of or damage to her stock of millinery by fire, or admit any liability therefor, no judgment could have been rendered against the garnishee, based on such answers: 20 Cyc. 1116; Drake, Attachment, § 659; Rood, Garnishment, § 314.

For these reasons, the judgment should be affirmed, and it is so ordered.     AFFIRMED.