Argued October 5, affirmed November 13, 1923.

# C. OVERTURFF *v.* J. HOWARD CARROLL, CHARLES A. FERTIG AND W. T. MOORE, DOING BUSINESS UNDER THE ASSUMED NAME OF FORESTS PRODUCTS SALES CO., AND DOERNBECHER MFG. COMPANY, A CORPORATION.

(219 Pac. 1081.)

**Garnishment—Filing Statutory Allegations and Interrogatories to be Answered by Garnishee Constitutes Auxiliary Proceeding Against Him Wherein Plaintiff Asserts Rights of Principal Defendant.**

1. When plaintiff in garnishment is not satisfied with the certificate made by the garnishee, and procures the order provided for in Sections 303, 314, Or. L., and files allegations and interrogatories in compliance with Section 315, he thereby institutes an auxiliary proceeding, which is in effect an action at law against the garnishee, and is prosecuted by plaintiff, who stands in the shoes and asserts the rights of the principal defendant.

**Garnishment—Statutory Allegations and Interrogatories Filed for Garnishee to Answer must Contain All Essential Elements of Good Cause of Action Against Garnishee.**

2. Where a plaintiff in garnishment files allegations and interrogatories authorized under Sections 303, 314, 315, Or. L., the allegations considered in connection with the averments and interrogatories must contain the essential elements of a good cause of action against the garnishee.

**Garnishment—Allegations Filed to be Answered by Garnishee Held Sufficient to Plead Judgment Against Principal Defendant.**

3. Allegations filed by plaintiff in garnishment for garnishee to answer, which name the court in which the judgment against the principal defendant was rendered, specify the names of the parties, declare that the judgment is in force and not fully paid, and give the date and amount of the judgment, *held* sufficient as a pleading against the garnishee as against objection that facts showing the court's jurisdiction were not alleged.

**Garnishment—Allegations Filed by Plaintiff to be Answered by Garnishee Held Aided by Answer of Garnishee.**

4. Where it was claimed that allegations filed by a plaintiff in garnishment to be answered by the garnishee under Sections 303, 314, 315, Or. L., did not sufficiently allege the judgment indebtedness of the principal defendant, *held* that the garnishee could not complain, where by its own pleadings it had supplied all the omissions in the allegations by showing an unsatisfied judgment against defendant, and by expressly admitting liability to defendant.

5. Where plaintiff in garnishment has filed the allegations and interrogatories provided for by Sections 303, 314, 315, Or. L., the response made by the garnishee under Section 316 constitutes its answer, whether incorporated in one paper or two, and plaintiff may then under Section 319 reply to the whole or any part of the answer, the issues arising thereon to be tried as ordinary issues of fact between plaintiff and defendant.

From Clatsop: J. A. EAKIN, Judge.

Department 1.

This is an appeal by a garnishee from a judgment rendered under the authority of Section 320, Or. L. On March 28, 1921, C. Overturff, the plaintiff and respondent, obtained in the Circuit Court for Clatsop County a judgment against the defendants J. Howard Carroll, Charles A. Fertig and W. T. Moore, doing business under the assumed name of Forest Products Sales Co., for the sum of $467, with costs and disbursements amounting to $7.20. On the following day the plaintiff caused a writ of execution to be placed in the hands of the sheriff of Multnomah County, and that officer levied upon moneys in the hands of the Doernbecher Mfg. Company, a corporation and a creditor of the defendants. On April 2, 1921, the corporation delivered to the sheriff a certificate stating in substance that the corporation had in its possession and under its control $303.93 against which it had a valid counterclaim of $164.08, leaving a balance of $139.85, over and above all offsets, due the defendants.

The certificate furnished by the corporation was not satisfactory to Overturff; and so in conformity with Section 303, Or. L., he procured an order of the Circuit Court requiring the garnishee to appear and be examined on oath. The plaintiff filed and served

on the corporation written allegations and interrogatories. The garnishee filed a written answer to the allegations and a separate writing specifically answering the several interrogatories. The plaintiff replied to the answer which the garnishee filed to the allegations. A trial by jury was waived. Based upon the admissions in the pleadings and upon the evidence received at the trial, the court made its findings and conclusions and entered a judgment against the garnishee for $164.08.        AFFIRMED.

For appellant there was a brief and oral argument by *Mr. O. A. Neal.*

For respondent there was a brief over the name of *Messrs. Green & Wold,* with an oral argument by *Mr. Garnet L. Green.*

HARRIS, J.—The garnishee contends that in two important particulars the allegations and interrogatories are not sufficient, when regarded as the plaintiff's complaint, to support the judgment.

The plaintiff avers in the allegations that—

"On the 28th day of March, 1921, the plaintiff herein secured a valid judgment duly and originally entered in the above entitled court and cause against the defendants, J. Howard Carroll, Charles A. Fertig and W. T. Moore, doing business under the assumed name of Forest Products Sales Co. for the sum of $467 together with the further sum of $7.20 costs, and that said judgment is still in force and effect."

The plaintiff avers in the allegations that the corporation was

"in truth and in fact indebted to the said defendants in the sum of $303.93, and had that sum of money in their possession, and that there was and is no

legal offset or counterclaim to the said indebtedness.''

The garnishee argues that the quoted averments are no more than conclusions of law, and that the judgment cannot stand because it is not supported by pleadings stating sufficient facts to constitute a cause of action. The garnishee claims that the plaintiff's pleading is fatally defective because it does not sufficiently allege: (1) A judgment against the defendants; and (2) an indebtedness owing from the garnishee to the defendants.

1. When a plaintiff creditor sues a defendant debtor and attaches or levies upon a debt owing from a third person to the defendant, the third person usually occupies the status of a disinterested stakeholder: *Edwards* v. *Case,* 78 Or. 220, 228 (152 Pac. 880); but, instead of occupying the status of a disinterested stakeholder the third person may find himself in the position of a litigant, for when the plaintiff is not satisfied with the certificate made by the third person and procures the order provided for by Sections 303 and 314, Or. L., and files allegations and interrogatories in compliance with Section 315, Or. L., he initiates an auxiliary proceeding which is in effect an action at law against the third person and is prosecuted by the plaintiff who, when prosecuting such action, stands in the shoes and asserts the rights of the principal defendant: *Oregon R. & N. Co.* v. *Gates,* 10 Or. 514; *Baker* v. *Eglin,* 11 Or. 333, 334 (8 Pac. 280); *Burns* v. *Payne,* 31 Or. 100, 103 (49 Pac. 884); *Graf* v. *Wilson,* 62 Or. 476, 481 (125 Pac. 1005, Ann. Cas. 1914C, 462); *Scheuerman* v. *Mathison,* 74 Or. 40, 48 (144 Pac. 1177). A plaintiff, after the issuance of a writ of attachment or a writ of execution, may upon taking the proper

steps acquire the right, analogous to subrogation, to step into the shoes of the defendant and maintain an action against the garnishee for the debt owing from the garnishee to the defendant who is at once the debtor of the plaintiff and the creditor of the garnishee: *Keene* v. *Smith,* 44 Or. 525, 526 (75 Pac. 1065); *Fraley* v. *Hoban,* 69 Or. 180, 186 (133 Pac. 1190, 137 Pac. 751). If the garnishee has a money demand against the defendant he can of course protect himself by pleading and proving it: *Prudential Trust Co.* v. *Merchants' Nat. Bank,* 66 Or. 224, 229 (133 Pac. 1191). The proceeding maintained by the plaintiff is in all essentials a separate action against the garnishee: *Case* v. *Noyes,* 16 Or. 329, 332 (19 Pac. 104); *Smith* v. *Conrad,* 23 Or. 206, 210 (31 Pac. 398). The proceeding is at law and the pleadings are framed and the issues of fact arising from the pleadings are tried as in ordinary law actions: *Caldwell Banking & T. Co.* v. *Porter,* 52 Or. 318, 323 (95 Pac. 1, 97 Pac. 541); and consequently, unless the indebtedness owing to the defendant is admitted, the plaintiff must make out the case against the garnishee: *Case* v. *Noyes,* 16 Or. 329, 332 (19 Pac. 104); for the burden of proof is on the plaintiff: *Prudential Trust Co.* v. *Merchants' Nat. Bank,* 66 Or. 224, 227 (133 Pac. 1191).

2. The proceeding is statutory: *Graf* v. *Wilson,* 62 Or. 476, 482 (125 Pac. 1005, Ann. Cas. 1914C, 462). The statute provides for written allegations and interrogatories. The allegations are absolutely necessary and are designed to serve the same purpose which would be served by a complaint in an action begun by the defendant against the garnishee: *Case* v. *Noyes,* 16 Or. 329, 333 (19 Pac. 104); *Smith* v. *Conrad,* 23 Or. 206, 211 (31 Pac. 398); *Fraley* v. *Hoban,* 69 Or. 180, 186 (133 Pac. 1190). Although the alle-

gations cannot be dispensed with (*McLaughlin* v. *Aumsville Mercantile Co.,* 74 Or. 80, 89 (144 Pac. 1154), it has been held that the proceeding may be maintained without interrogatories: *Mann* v. *W. A. Gordon Co.,* 77 Or. 457, 459 (151 Pac. 704). If, however, interrogatories are served, the sufficiency of the allegations may be determined by considering them in connection with the interrogatories: *Castleman* v. *Stryker, ante,* p. 207 (219 Pac. 1084). Since the proceeding is an action in which the allegations and interrogatories take the place of a complaint, it must follow that the allegations considered in connection with the averments in the interrogatories must contain the essential elements of a good cause of action against the garnishee: *Case* v. *Noyes,* 16 Or. 329, 332 (19 Pac. 104); *Smith* v. *Conrad,* 23 Or. 211, 306 (31 Pac. 398).

3. Are the allegations, considered in connection with the interrogatories, fatally defective in either of the two particulars attempted to be pointed out by the garnishee? When pleading a judgment rendered by a court of superior jurisdiction it is not necessary to plead every fact essential to confer jurisdiction; because every fact necessary to confer jurisdiction will be presumed, and it is unnecessary to allege a fact which the law will presume: *Rutenic* v. *Hamaker,* 40 Or. 444, 450 (67 Pac. 192); *Willett* v. *Kinney,* 54 Or. 594, 597 (104 Pac. 719). The allegations name the court in which the judgment was rendered, specify the names of the parties, declare that the judgment is in force and not fully paid, and give the date and amount of the judgment; and since this would for the reason mentioned be sufficient if the plaintiff were prosecuting an action on the

judgment, it ought to be and for the same reason is sufficient in the instant proceeding: 23 Cyc. 1514.

4, 5. If, however, it be assumed for the purpose of discussion that the allegations do not sufficiently aver the rendition of the judgment, and if it be further assumed that the averment to the effect that the garnishee was indebted to the defendants in the sum of $303.93 is a pure conclusion of law, and that therefore the allegations and interrogatories constitute a defective complaint, nevertheless the garnishee is not now in a position to complain; because the corporation has by its own pleadings aided the allegations of the plaintiff: 31 Cyc. 714; *Catlin* v. *Jones,* 48 Or. 158, 162 (85 Pac. 515); *Hodson-Feenaughty Co.* v. *Coast C. & F. Co.,* 91 Or. 630, 647 (178 Pac. 382, 179 Pac. 560). The garnishee is, by the terms of Section 316, Or. L., required to return the allegations and interrogatories of the plaintiff to the court or judge "with his written answer thereto" and "such answer shall be on oath, and shall contain a full and direct response to all the allegations and interrogatories." It will be observed that the answer of the garnishee must be a full and direct response to all the allegations *and* interrogatories. The response made by the garnishee to the allegations and to the interrogatories constitutes his answer. The plaintiff may under Section 319, Or. L., reply to the whole or part of "the answer," and "the issues arising thereon shall be tried as ordinary issues of fact between plaintiff and defendant." Obviously, the answer filed by the garnishee as his response to the allegations and interrogatories of the plaintiff is the pleading of the garnishee, whether such response appears in one paper as an answer not only to the allegations but also to the interroga-

tories, or whether, as in the instant case, it appears in two papers with one specifically directed to the allegations and the other to the interrogatories.

Turning to the two papers filed by the garnishee as its answer to the allegations and interrogatories, we find that the garnishee avers that it purchased from the defendants, on November 27, 1920, 14,317 feet, and on December 2, 1920, 14,811 feet of alder lumber at $35 per thousand f. o. b. Portland, totaling $1,019.48; that, after paying $215.55 freight, a balance of $803.93 was due from the garnishee to the defendants; that on December 2, 1920, the garnishee paid the defendants $500, leaving a balance of $303.93;

"that thereafter, on April 18, 1921, the garnishee paid on execution in the above-entitled cause, to T. M. Hurlburt, Sheriff of Multnomah County, Oregon, the sum of $139.85, leaving a balance of $164.08 against which the garnishee claims a valid offset or counterclaim."

The counterclaim relied upon by the garnishee arose out of the following facts averred by the corporation: At the time of the purchase of the alder lumber six employees of the defendants had filed liens on the lumber. After the garnishee purchased the lumber and paid the defendants all of the purchase price except $303.93, the lien claimants instituted suits in the Circuit Court for Clatsop County against the defendants and the garnishee for the foreclosure of the liens which together with demanded attorney's fees aggregated $1,525.81. The lumber was sold to the garnishee with the understanding and agreement that it was free from liens. Upon being served with papers in the foreclosure suits, the corporation employed an attorney to defend

it. The court sustained demurrers filed by the attorney and thus the foreclosure suits were defeated. The garnishee paid the attorney $164.08 for the services rendered by him.

The garnishee admits—

"that an execution garnishment was served upon it, on or about the 2nd day of April, 1921, and that it answered said garnishment showing that it had in its hands the sum of $139.85 over and above all setoffs against the defendants, and admits that it paid said sum over to the sheriff of Multnomah County, Oregon, on said execution."

The garnishee alleges the following:

"That said sum of $139.85 was paid over to the said sheriff after said garnishment had been served upon said garnishee and after the attorneys for the plaintiff had been notified that the garnishee claimed an offset or counterclaim against the amount of money in their hands over and above the sum of $139.85, at the request of the attorneys for said plaintiff and with full knowledge of the facts with reference to said offset or counterclaim; and garnishee further alleges that said plaintiff by reason of having requested, through his attorney, the garnishee to pay over to the sheriff of Multnomah County, Oregon, on said execution and garnishment said sum of $139.85 is estopped from claiming that said return of said garnishment is not satisfactory."

Thus it is seen that the garnishee admits, by implication at least, that the plaintiff owns an unsatisfied judgment against the defendants; and the garnishee expressly admits that he was garnished and that he paid $139.85 to the sheriff on the faith of the execution issued upon the judgment held against the defendants. Manifestly the averment about the rendition of the judgment made in the allegations, when considered in connection with the pleadings

filed by the corporation, is a sufficient allegation of the rendition of the judgment against the defendants.

It is also obvious that the garnishee has in its pleadings supplied all the facts which the corporation claims should be alleged by the plaintiff in order to show an indebtedness owing from the garnishee to the defendants. The garnishee admitted that at the time of the service of the garnishment process it owed $303.93 to the defendants. The corporation paid $139.85 to the sheriff and retained $164.08 on the theory that to such extent it had a counterclaim against the defendants. The garnishee confessed the indebtedness alleged by the plaintiff and then attempted to avoid the liability by asserting a counterclaim. The burden of alleging and proving the counterclaim was on the garnishee. The court refused to recognize the counterclaim. The record on appeal includes nothing but the pleadings, and the findings and judgment of the Circuit Court. The two points concerning the sufficiency of the allegations are the only questions presented to us for decision. We conclude that the allegations are sufficient when considered in connection with the admissions and affirmative averments made by the garnishee. The judgment is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and RAND, JJ., concur.